**W.H.H. TRICE & COMPANY,**
Appellant,

v.

**El–Hadi FARIS, Appellee.**

No. 01–CV–482.

District of Columbia Court of Appeals.

Submitted June 19, 2003.

Decided July 24, 2003.

Gary D. Wright for appellant.

No brief was filed on behalf of appellee.

Before WAGNER, Chief Judge, and REID and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge:

We granted the application of W.H.H. Trice & Co. ("Trice") for allowance to appeal the denial of relief from a default judgment entered against it in the Small Claims and Conciliation Branch of the Civil Division of Superior Court on November 3, 2000. Although a small claims matter such as this could and should have been disposed of expeditiously, and although Trice itself bears a share of the blame for the delay, we are compelled to vacate the default judgment because—contrary to what both the Hearing Commissioner and the reviewing Superior Court Judge were led to understand—it was entered without the requisite proof of Trice's liability.

On July 12, 2000, El–Hadi Faris commenced a small claims action in Superior Court. Faris complained that his car was damaged when it was towed unlawfully from a private lot at his apartment building where he had a license to park. He sought damages in the amount of $2,271.24. Faris named Trice, the compa-

ny that managed his apartment complex, and "Larry Stoddard, t/a Inner City Towing," as defendants.

At Faris's request, the court on August 11, 2000 ordered the United States Marshals Service to effect service of process on the defendants. *See* Super. Ct. Sm. Cl. R. 4(a)(1). Defendant Stoddard was served on August 16, 2000, but failed to appear on the return date of September 1, 2000. On that date, Hearing Commissioner J. Dennis Doyle entered a default judgment for Faris against Stoddard based on ex parte proof. *See* D.C.Code §§ 16–3902(f) & 16–3906(c) (2001); Super. Ct. Sm. Cl. R. 11.[1] The exhibits that Faris submitted in support of his damages claim were filed in the case jacket.

Trice was not served with Faris's complaint until September 12, 2000. On the return date of September 22, 2000, Trice's counsel appeared along with Faris before Judge Rhonda Reid Winston. (Trice declined to consent to the case being heard by a Hearing Commissioner.) Trice's counsel requested a continuance of the tri-al, stating that he had just received the case, had not been able to investigate it, and was not sure whether he would move to quash service or file an answer and demand a trial by jury pursuant to Superior Court Small Claims Rule 6. Over Faris's objection, Judge Winston continued the trial for six weeks to November 3, 2000 and warned Trice that no further defense continuances would be allowed. Trice did not request an extension of time to file a jury demand and Judge Winston did not grant such an extension.[2]

On October 25, 2000, nine days before the scheduled trial date, Trice filed a motion to quash service and dismiss the case. When the parties appeared in court on November 3, however, Trice withdrew that motion and filed an answer and a jury demand.[3] Trice's counsel then left the courthouse without waiting for the case to be called, allegedly after being advised by Clerk's Office personnel that the jury demand would result in the case being certified to the Civil Division and continued to another day. *See* Super. Ct. Sm. Cl. R. 6

---

1. D.C.Code § 16–3902(f) provides for judgment by default where the plaintiff in a small claims action has filed a verified statement of claim and the defendant fails to appear; however, "[i]f the amount [of the claim] is unliquidated, the plaintiff shall be required to present proof of his claim." D.C.Code § 16–3906(c) states that "[i]f the defendant fails to appear, judgment shall be entered for the plaintiff by default as provided by section 16–3902(f), or under rules of court, or on ex parte proof." Implementing these provisions, Rule 11 provides:

   If the plaintiff is present and (1) neither the defendant nor anyone purporting to represent him is present, and (2) there is no question as to the validity of service upon the defendant, and (3) the plaintiff does not seek to recover attorneys' fees, the Clerk shall enter a judgment by default in favor of the plaintiff in the amount of any liquidated damages or enter a default subject to ex parte proof before the Court with respect to the amount of any unliquidated damages.

2. A defendant in a Small Claims proceeding is required to file its jury demand "not later than the time for appearance of the defendant stated in the notice," *i.e.*, by the return date, "or such extended time as the Court may allow for good cause shown." Super. Ct. Sm. Cl. R. 6.

3. A written answer usually is not required in Small Claims proceedings, but Superior Court Small Claims Rule 6 states that a defendant's jury demand "must be accompanied" by "a verified answer setting out the facts upon which the defense is based." Although no issue was made of it, we observe that Trice's answer did not comply with this requirement. While the answer was verified, it set forth no facts whatsoever; it contained only a general denial plus a list of generic defenses, such as insufficient service, failure to state a claim, accord and satisfaction, laches, statute of frauds, and so forth.

("If a trial by jury is *properly* demanded, the case will be referred to the Civil Division and scheduled for trial on an expedited basis." (emphasis added)).

Faris did not consent to a continuance, however. He remained at court on November 3, 2000, and was the sole party present when his case was called before Hearing Commissioner Jerry S. Byrd. Commissioner Byrd found that Trice's day-of-trial jury demand was both untimely—since under Rule 6 it should have been filed no later than September 22, 2000, the date of Trice's initial appearance, see note 2, *supra*—and a ploy to circumvent Judge Winston's ruling that there would be no further defense continuances. Concluding that Trice's jury demand did not excuse its failure to appear before him for trial, Commissioner Byrd decided to strike Trice's answer and jury demand and enter a default judgment against Trice.

At this point there occurred an unfortunate misunderstanding. A cryptic notation on the case jacket reported the default judgment that had been entered on ex parte proof on September 1, 2000. The notation did not identify the defaulted defendant by name. It appears that Commissioner Byrd thought that a default judgment was entered against Trice on September 1 but subsequently was vacated (presumably when Trice later appeared before Judge Winston). Faris did nothing to correct this misunderstanding (and perhaps he shared it). Not realizing that the September 1 default judgment was against another defendant (and that it had not been vacated), Commissioner Byrd declared that the September 1 judgment was "reinstated" against Trice. All this might have been of no practical consequence ex-

cept for one thing—believing that he was merely reinstating a default judgment that already had been entered against Trice on ex parte proof, Commissioner Byrd did not require Faris to present ex parte proof to support his claim against Trice again (as it were). As a result, Faris obtained a judgment against Trice without ever having been required to establish his claim. *See D.C. Transit System, Inc. v. Young,* 293 A.2d 488, 489 (D.C.1972).

■ When Trice learned of the judgment, it moved for judicial review by a Superior Court judge. *See* Super. Ct. Civ. R. 73(b). In an order dated January 22, 2001, Judge Steffen W. Graae agreed with Commissioner Byrd that Trice's jury demand was untimely and affirmed the order purporting to reinstate the default judgment of September 1, 2000. Trice then moved for relief from the judgment pursuant to Superior Court Civil Rule 60(b)(1) and (6). Trice argued that its counsel had been told by the Clerk's Office that the case would be continued and that the "strong judicial policy favoring a trial on the merits"[4] supported his request for relief. On February 16, 2001, Judge Graae denied Trice's motion. Carefully considering the pertinent factors, *see generally Starling v. Jephunneh Lawrence & Assocs.,* 495 A.2d 1157, 1159–60 (D.C.1985), Judge Graae noted in particular that Trice knew or should have known on November 3, 2000 that its jury demand was untimely and not proper under Rule 6, and that "[n]o matter what information the Small Claims Branch personnel told [Trice's] counsel, it is not appropriate for an experienced officer of the Court to rely on the legal statements by court clerical personnel."[5] Judge Graae also found that Faris,

---

4. *Dunn v. Profitt,* 408 A.2d 991, 993 (D.C. 1979).

5. Super. Ct. Civ. R. 60(b)(1) allows a court to relieve a party from a final judgment because of mistake, inadvertence, surprise or excusable neglect. Generally speaking, however,

who was proceeding *pro se* and *in forma pauperis*, would be prejudiced by having to appear for trial against Trice for a third time.

It is evident that Judge Graae was unaware that the September 1, 2000, default judgment was not against Trice and that Faris had never been required to present ex parte proof of his claim against Trice. Rather, Judge Graae expressly premised his orders on his understanding that "the commissioner entered judgment based on the Plaintiff's evidence," and that Faris had "provided sufficient evidence for the commissioner to grant judgment in his favor."

■ There is no appeal as of right from judgments of the Small Claims and Conciliation Branch. Review of such judgments "shall be by application for the allowance of an appeal" filed in this court. D.C.Code § 11–721(c) (2001). We will grant such an application only if it demonstrates "apparent error or a question of law, which has not been but should be decided by this court." *Karath v. Generalis,* 277 A.2d 650, 651 (D.C.1971). On April 18, 2001, a division of this court granted Trice's application for allowance to appeal from Judge Graae's denial of its motion for relief from the default judgment. The division granted the application because the default judgment was entered, improperly, without any ex parte proof of Trice's liability.

■ Strictly speaking, because Trice had made an appearance in the case, entry of a default judgment when it failed to

appear for trial was not appropriate. Rather, the choice for the Hearing Commissioner was between granting Trice a further continuance and proceeding with the trial in Trice's absence, requiring the plaintiff, Faris, to prove liability as well as damages:

> One who has knowledge of a definite date for trial must know that if he fails to appear ready for trial he runs the risk of the trial proceeding without him, or even of having judgment entered against him where there is a verified complaint. A defendant who appears on the trial date but refuses to proceed is not in much better position than one who fails to appear. However, a default should not have been entered since the defendant had answered. As he was not in default in pleading, a confession of liability cannot be inferred and the plaintiff must be put to his proof.

*Jones v. Health Res. Corp. of Am.,* 509 A.2d 1140, 1145–46 (D.C.1986) (quoting *D.C. Transit Sys.,* 293 A.2d at 489); *see also Milton Props., Inc. v. Newby,* 456 A.2d 349, 354 (D.C.1983) ("[W]here a party has previously appeared in the case, ... it is incumbent on the party seeking relief to establish both liability and damages."); *Klein v. Rappaport,* 90 A.2d 834, 835 (D.C. 1952) ("Absence of a defendant when a case is called for trial after it is at issue does not warrant a judgment against him by default, but a trial or hearing on the issues is necessary and the judgment which follows is based on the proof adduced.").[6]

---

"[a]n attorney's failure to comply with court rules is a mistake of law which will rarely suffice to support the grant of relief under Rule 60(b)(1)." *McMillan v. Choice Healthcare Plan, Inc.,* 618 A.2d 664, 667 (D.C.1992); *see also Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 518–20 (D.C.1985).

**6.** The requirement of ex parte proof of liability and damages is spelled out in Superior Court Civil Rule 39–I(c), although that particular Rule is not made specifically applicable to actions in the Small Claims and Conciliation Branch by Superior Court Small Claims Rule 2.

■ The fact that the Hearing Commissioner struck Trice's answer does not change the analysis because, in the absence of a jury demand, no answer is required in a Small Claims proceeding. *See* Super. Ct. Sm. Cl. R. 5; see also note 3, *supra.* In *Jones, supra,* we voided a default judgment in a landlord-tenant case because it was entered without requiring the plaintiff to present a prima facie case of the defendant's liability. It was immaterial that the defendant had not filed an answer, for as in Small Claims cases, an answer generally is not required in the Landlord and Tenant Branch. *See* Super. Ct. L & T R. 5(a).

■ Nor can the entry of judgment in this case be sustained on the grounds that Faris's complaint was verified. The verified complaint did not suffice as proof of liability for two reasons: it was too conclusory and Faris did not bring its contents to the attention of Commissioner Byrd in an effort to prove liability. *See Milton Props.*, 456 A.2d at 354; *accord, Jones,* 509 A.2d at 1146.[7]

■ In the absence of proof of Trice's liability, the Commissioner "was without authority to enter judgment" for Faris against Trice, and "hence, the ... judgment was void." *Id.* Where a judgment is void, Rule 60(b)(4) allows the court to grant relief on such terms as are just. "In determining whether to grant relief under Rule 60(b)(4), the trial court must consider whether the movant (1) received actual notice of the proceeding; (2) acted in good faith; and (3) acted promptly upon discovery of the judgment." *Id.* at 1145. Prejudice if any to the opponent of the motion must also be considered. *See id.*

Unlike with other motions to vacate default judgments, however, "[a] prima facie showing of a meritorious defense is not required" when the ground of the motion is that the judgment is void. *Id.* at 1145 n. 10. We review the trial court's ruling on a Rule 60(b)(4) motion under an abuse of discretion standard; but only "a slight abuse of discretion" need be shown to require reversal in these circumstances. *Id.* at 1147.

As in *Jones,* we think that the balance here "tilts decisively" in favor of reversal. *Id.* at 1145. Judge Graae denied relief in the understandable but erroneous belief that Faris had made the requisite prima facie showing of Trice's liability. This critical omission is not outweighed by the other factors. To be sure, Trice had notice of the scheduled hearing before Commissioner Byrd, and it has offered no sound justification for its absence from that hearing. But we cannot conclude that Trice's counsel acted in bad faith in leaving the courthouse, and Trice promptly sought relief after learning of the judgment against it. Trice made no showing of a meritorious defense, but as noted, it was not required to do so. It is doubtless irksome to Faris to have to return once more to court in order to establish his claimed entitlement to a judgment against Trice; but no special prejudice appears in the record before us, and the trial court will be free to impose conditions as needed to accommodate Faris's legitimate concerns. In this regard we note specifically that we see no reason to order reinstatement of Trice's jury demand.

For the foregoing reasons, we reverse and remand to the trial court with instruc-

---

7. This is not a case such as *Lockhart v. Cade,* 728 A.2d 65 (D.C.1999), in which the trial court entered a default against a defendant as a sanction for discovery violations. Distinguishing the line of cases cited above, we held in *Lockhart* that Superior Court Civil Rule 37(b)(2)(C) authorizes a court to enter a default judgment as a discovery sanction without requiring ex parte proof of liability. 728 A.2d at 68–69.

tions to vacate the judgment against Trice and grant it a new trial.

*So Ordered.*