**Michelle A. JONES, Appellant,**

v.

**Carl HERSH, Appellee.**

No. 03–CV–223.

District of Columbia Court of Appeals.

Argued Feb. 24, 2004.

Decided March 25, 2004.

542

Ronald L. Webne for appellant.

Brian D. Riger, Bethesda, MD, for appellee.

Before TERRY, GLICKMAN and WASHINGTON, Associate Judges.

GLICKMAN, Associate Judge:

Michelle A. Jones appeals from the denial of her Rule 60(b)(4) motion to vacate a default judgment. The judgment was entered against her in an action for the possession of real estate brought by her landlord, appellee Carl Hersh. Jones contends that the judgment was void for two reasons. First, Jones argues that the court never acquired personal jurisdiction over her because she was not served properly with the summons and complaint. Alternatively, Jones argues that the court acted without authority because it entered the judgment without requiring ex parte proof even though she had appeared in court on the return date and answered the calendar call.

Like the motions judge, we reject Jones's first argument. We hold that valid service on Jones was achieved when the process server went to her residence (the property sought to be recovered), found that Jones was not there, and delivered the summons and complaint instead to somebody else above the age of sixteen years who was residing at or in possession of the premises. No additional efforts to find and serve Jones personally were required for such substitute service to be effective.

Jones's second argument may be meritorious, however, depending on whether Jones actually did answer the calendar call of her case as she claims. There was a bona fide factual dispute about that which the motions judge did not resolve. Since Jones is correct that the court lacked authority to enter a judgment against her without evidence if she had entered her appearance, we are constrained to reverse and remand for further fact finding.

## I.

Hersh filed a complaint against Jones for possession of real estate based on her failure to pay rent. The accompanying summons directed Jones to appear in Landlord and Tenant Court on October 7, 2002, to answer the complaint. On the afternoon of September 26, 2002, Hersh's process server went to Jones's residence, the premises that Hersh sought to recover. Jones's niece, who was over sixteen years of age, answered the door and said that Jones was not at home. According to the process server, the niece confirmed that she too resided at the premises. The process server then handed the summons and complaint to the niece, who gave them to

Jones that evening when Jones returned from work. Hersh and his process server made no other attempt to find and serve Jones.

In response to the summons, Jones came to Landlord and Tenant Court on the return date. Hersh was there also. At some point during that day, however, the clerk entered a default judgment against Jones. It remains uncertain how this came about. Rule 11 of the Superior Court's Landlord and Tenant Rules directs the courtroom clerk at the beginning of each session of Landlord and Tenant Court to "call the cases assigned for that day in order to determine if any parties are absent." The Rule allows the clerk to enter judgment for the plaintiff only if the plaintiff is present, "neither the defendant nor the defendant's representative is present," and certain other conditions are met. If both parties (or their representatives) have appeared, the Rule provides that the clerk "shall present" the case to the judge for disposition (unless the parties agree to a continuance.)[1] *Id.* At the hearing on Jones's motion to vacate the judgment, Hersh testified that Jones had not yet arrived when the clerk called their case, that he therefore requested the clerk to enter judgment pursuant to Rule 11, and that he so informed Jones when she subsequently did appear. But Jones testified that she was present during the calendar call and answered when she heard the courtroom clerk call her name. Jones further testified that she waited in vain until the lunch recess for the judge to hear her case. Then, for reasons not entirely clear from the record, she did not return for the afternoon session of court even though her

---

1. Landlord and Tenant Rule 12 provides in pertinent part that "[a]fter the judge takes the bench, the Clerk will call the cases remaining on the calendar for that day," and the judge will inquire into the cases, attempt to help the parties settle their differences, and if necessary set nonjury trial dates or continue the matters.

case had not yet been reached.[2]

Two weeks then went by, during which Jones sought no relief from the default judgment. On October 22, 2002, Hersh secured the issuance of a writ of restitution directing the Marshal to evict Jones from the premises. The Marshal notified Jones on October 24 that her eviction was imminent. Jones still did not move to set aside the default judgment, nor did she move to stay the execution of the writ. The writ was executed and Jones was evicted on November 13, 2002.

Three weeks later, Jones moved pursuant to Superior Court Civil Rule 60(b)(4) to vacate the default judgment. She contended that the judgment was void because she was not effectively served with the summons and complaint and because she was present and had answered when her case was called. After taking testimony from Jones, Hersh, Jones's niece, and the process server, the motions judge declined to afford Jones relief on either ground. The judge concluded that service

of process on Jones was effective because her niece was in possession of the premises and, in fact, was residing there when she accepted the summons and complaint. The judge also concluded that entry of the default judgment was proper even if Jones had responded to the calendar call as she testified—a factual issue that the judge did not resolve [3]—because "default judgments often are entered in this Branch when a tenant who answers the roll call later abandons the courthouse before the case is heard on the merits by the judge." Finally, the judge concluded that other relevant factors, including in particular Jones's tardiness in moving to vacate the default judgment,[4] weighed against granting her motion.

## II.

### A.

■ The decision whether to relieve a party from a final judgment pursuant to Rule 60(b) is committed in most instances to the sound discretion of the trial court,

2. In an affidavit submitted with her motion, Jones stated that during the lunch break she asked the courtroom clerk and personnel in the Clerk's Office why her case had not been called that morning, but no one could tell her. In her testimony, however, Jones acknowledged that someone did tell her that she would have to file a motion for "me missing the case." Jones also admitted that a clerk "could have" told her that a default judgment had been entered.

The record does not indicate whether the case was called during the afternoon session of the court. Hersh testified that after Jones did not return to court, he too departed, with the understanding that he had obtained a default judgment against Jones.

3. "Optimally," the judge stated, "this Court would prefer to obtain a transcript or audiotape of the proceedings in the Landlord–Tenant Branch for the roll call in question. This would take an inordinate period of time, and the movant has failed to take steps to obtain such a transcript." Lacking the tape or transcript, the judge inferred that a default judg-

ment was entered either because Jones failed to respond to the calendar call or because she failed to respond subsequently, when her case was called for consideration by the presiding judge. There is, though, a third possibility that is consistent with the testimony of both Jones and Hersh—namely, that Jones was present and did answer when her case was called initially, but that neither the courtroom clerk nor Hersh heard her (or the clerk heard her but made a clerical error and failed to note her presence). In that event, the clerk mistakenly might have entered a default judgment pursuant to Rule 11, and the case would not have been called again after the judge took the bench.

4. The judge also took into account Jones's failure to proffer either a substantive defense to the complaint or a present ability to square her account with her landlord, the likelihood of prejudice to the landlord, and the ineffectiveness of money sanctions as an alternative.

and appellate review is deferential and limited. But the trial court has no discretion when relief is sought pursuant to subdivision (4) of Rule 60(b) on the ground that the judgment is void. Whether a judgment is void is a question of law (though like all legal questions it may depend on the court's resolution of issues of fact), and if a judgment is void, it must be vacated. *See McLaughlin v. Fidelity Sec. Life Ins.*, 667 A.2d 105, 107 (D.C.1995); *see generally* 12 MOORE'S FEDERAL PRACTICE § 60.44[5][a] (3d ed.2003). The movant "need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity." *Combs v. Nick Garin Trucking*, 263 U.S.App. D.C. 300, 304–05, 825 F.2d 437, 441–42 (1987) (internal quotation marks and citation omitted); *accord, Alexander v. Polinger Co.*, 496 A.2d 267, 269 (D.C.1985) ("A showing of a meritorious defense is not required when a judgment is void."). "Further, Rule 60(b) 'places no time limit on an attack upon a void judgment, nor can such a judgment acquire validity because of laches on the part of him who applies for relief from it.'" *Alexander*, 496 A.2d at 269 (quoting *Austin v. Smith*, 114 U.S.App. D.C. 97, 103, 312 F.2d 337, 343 (1962)). Thus, appellate review of the court's decision on a Rule 60(b)(4) motion is not deferential; it is *de novo*. *See, e.g., McLaughlin*, 667 A.2d at 107.

Regrettably, we have not always been clear about these principles. There are occasional statements in our opinions suggesting that the court may have a measure of discretion in ruling on a Rule 60(b)(4) motion. Notably, in *Jones v. Health Resources Corp. of Am.*, 509 A.2d 1140 (D.C. 1986), we adverted to standards applicable to motions under other subdivisions of Rule 60(b), stating that "[i]n determining whether to grant relief under Rule 60(b)(4), the trial court must consider whether the movant (1) received actual notice of the proceeding; (2) acted in good faith; and (3) acted promptly upon discovery of the judgment. The court must also consider whether prejudice to the nonmoving party would result." *Id.* at 1145 (adding that "[o]ur standard of review is for abuse of discretion," and holding that the trial court abused its discretion in denying relief); *see also Alexander*, 496 A.2d at 269 (same, but upholding the trial court's denial of the Rule 60(b)(4) motion because the movants failed to sustain their burden of proving that the challenged judgments were void). Recently we cited *Jones* for these same propositions in *W.H.H. Trice & Co. v. El–Hadi Faris*, 829 A.2d 189, 194 (D.C.2003) (reversing with instructions to vacate the void judgment). But we must disavow such statements as erroneous dicta. In actuality we never have upheld as an appropriate exercise of discretion a trial court's refusal to vacate a judgment that was void. "[I]f a judgment is void, the only way that the court may exercise its discretion is by granting relief." 12 MOORE'S FEDERAL PRACTICE § 60.44[5][a].

■ "The concept of void judgments is narrowly construed." 12 MOORE'S FEDERAL PRACTICE § 60.44[1][a]. A judgment must be *void*, not merely *voidable;* a judgment is not void merely because it is erroneous. *See Kammerman v. Kammerman*, 543 A.2d 794, 799 (D.C.1988). Rather, "for 'a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it.'" *Id.* (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979)). Typically, therefore, "a judgment may be held void only if the court that entered it had no jurisdiction over the parties or the subject matter, . . . , or if the court's action was otherwise so arbitrary as to violate

due process of law...." *Kammerman, supra*, 543 A.2d at 799 (citations omitted).

## B.

 "'A default judgment entered in the absence of effective service of process is void,' even though the defendant has actual notice of the action." *Miranda v. Contreras*, 754 A.2d 277, 281 (D.C.2000) (quoting *McLaughlin*, 667 A.2d at 107). This is so because "[w]ithout proper service the court has no personal jurisdiction, and the court thus lacks power to act unless the defendant has waived service." *Id.*, 754 A.2d at 281 n. 6; *accord, Combs*, 263 U.S.App. D.C. at 305, 825 F.2d at 442 ("[S]ince service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied.") (citations omitted).[5]

Service of process in a landlord's action to recover possession of real property is governed by D.C.Code § 16–1502 (2001). In pertinent part, the statute provides that "[i]f the defendant has left the District of Columbia, *or cannot be found*, the summons may be served by delivering a copy thereof to the tenant, or *by leaving a copy* with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one is in actual possession of the premises, or residing thereon, by posting a copy of the summons on the premises where it may be conveniently read." (Emphasis added.) Hersh argues that he complied with this provision—when his process server could not find Jones at the premises to be recovered (where she lived), he left a copy of the summons with another person above the age of sixteen who was residing on and in possession of those premises. But Jones contends that this was not enough. She argues that in order to rely on such substitute service, Hersh first had a duty to make a more diligent and conscientious effort to find and serve her personally—for example, by having the process server return to her residence at a different time of day or look for her where she worked.

 The issue that Jones raises is solely one of statutory construction—not, it should be clear, of due process of law.[6] On how to construe § 16–1502, we think that Hersh has the better of the argument. In permitting substitute service when the defendant "cannot be found," the statute "does not expressly require diligence on

---

**5.** If Jones was not served in accordance with law, it is immaterial that she actually did receive the summons and complaint that the process server left for her. *See, e.g., Larry M. Rosen & Assoc., Inc. v. Hurwitz*, 465 A.2d 1114, 1117 n. 4 (D.C.1983) ("Our cases establish that faulty service of process cannot be cured merely by actual receipt of the summons and complaint.") (citations omitted).

**6.** Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). It is beyond dispute that this requirement is satisfied when service on an individual is accomplished as it effectively was in this case, and as Superior Court Civil Rule 4(e)(2) and its federal counterpart authorize without restriction for civil actions in general, "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...." *See generally* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1096 (3d ed.2002) (noting, *inter alia*, that the plaintiff is free to employ this method of service regardless of whether the defendant can be served personally). Such service is effective even if the defendant does not actually receive the summons and complaint. *See id.* at p. 520.

the part of the process server." *West-moreland v. Weaver Bros., Inc.*, 295 A.2d 506, 509 n. 12 (D.C.1972); *accord, Parker v. Frank Emmet Real Estate*, 451 A.2d 62, 64 (D.C.1982) (" § 16–1502 makes no mention of the degree of care which a process server must observe...."); *Etelson v. Andre*, 61 A.2d 806, 808 (D.C.1948) ("The statute makes no reference to due diligence...."). And though the statute is of a hoary vintage, *see Dewey v. Clark*, 86 U.S.App. D.C. 137, 139 n. 2, 180 F.2d 766, 768 n. 2 (1950), it never has been construed to require a process server to make special efforts to serve an absent defendant personally as a condition for substitute service on another adult person in possession of or residing in the premises to be valid.

▆ It is true that at least since *Dewey*, the statute has been construed to mandate certain "diligent and conscientious" efforts to validate service *by posting*. The statute makes posting a last resort after all other specified methods of service have failed, "no doubt from the assumption by Congress that ordinarily one in possession or residence could be found and served in person, particularly in an action for possession." *Id.* at 139, 180 F.2d at 768. Posting is a disfavored method of providing notice because it is less reliable, generally speaking, than other appropriate methods and hence may raise serious due process concerns. *See Frank Emmet Real Estate, Inc. v. Monroe*, 562 A.2d 134, 136 (D.C.1989). "Thus, although the statute does not expressly so require, it is a prerequisite to posting that a 'diligent and conscientious effort' be made by the process server to either find the defendant to effect personal service or to leave a copy of the summons with a person 'residing on or in possession of the premises.'" *Id. See also Parker*, 451 A.2d at 65 ("[T]he judicially construed requirement of diligence was designed to prevent the commence-ment of actions for possession where ... further efforts on the part of the process server could have avoided utilization of the least preferred method of effecting service of process.") (internal quotation marks and citation omitted).

The concerns that led to judicial adoption of a diligence requirement for service by posting are almost entirely absent, however, in the case of substitute service on an adult who resides at or is possessed of the defendant's premises. Such substitute service is a familiar and reliable means of furnishing timely notice to defendants, and there is no question that it comports with the demands of due process. See footnote 6, *supra*. Perhaps requiring the plaintiff to make a more diligent and conscientious effort to find and serve the defendant personally before relying on substitute service would provide even greater assurance of actual notice to the defendant in a few cases, as Jones argues. But the benefit from imposing a diligence requirement would be marginal at best and would be outweighed by the added costs, delays, and additional litigation over the sufficiency of service in many cases in which actual and timely notification was achieved. We therefore see little if any justification for reading into § 16–1502 the precondition to effective substitute service that Jones proposes. We decline to do so for less than compelling reasons. Accordingly, we hold that the service of process on Jones through her niece was valid.

It follows that the motions judge properly refused to vacate the default judgment against Jones on the first ground she raised, insufficient service of process and consequent lack of personal jurisdiction. We turn to Jones's second ground for contending that the judgment was void.

### C.

▆ Unlike the issue of statutory construction just discussed, the second issue

involves settled law. The clerk had no authority to enter a default judgment for Hersh under Landlord and Tenant Rule 11 if Jones was "present" when the clerk called the calendar at the start of court proceedings.[7] Nor, in that case, was the court authorized to enter a default judgment; we have held that once a defendant has entered her appearance, the court is "without authority" to enter judgment against her "except upon proof of liability and damages." *Jones,* 509 A.2d at 1145; *see also W.H.H. Trice,* 829 A.2d at 193; *Milton Props., Inc. v. Newby,* 456 A.2d 349, 354 (D.C.1983); *District of Columbia Transit Sys., Inc. v. Young,* 293 A.2d 488, 489 (D.C.1972); *Klein v. Rappaport,* 90 A.2d 834, 835 (D.C.1952). We have held that a judgment entered without the requisite proof is a judgment that is void. *See Jones,* 509 A.2d at 1146–47; *accord, W.H.H. Trice,* 829 A.2d at 194.

Although Hersh denied that Jones was present when the courtroom clerk first called her case, the motions judge made no finding on that disputed, material fact. Hence we cannot uphold the judge's denial of Jones's Rule 60(b)(4) motion. We are constrained to remand for further fact finding. If the judge finds that Jones informed the clerk of her presence during the calendar call, then the judgment against her is void and her motion to vacate it must be granted. If the judge finds that Jones failed to inform the clerk of her presence, then the judgment is not void and her motion must be denied.

*Reversed and remanded.*

---

**7.** We may assume that a defendant who, without cause, fails to inform the clerk that she is present when her case is called will not be deemed "present" for purposes of Rule 11 even if she is physically in the courtroom. On the other hand, the defendant cannot be penalized for an error by the clerk in failing to note her announced presence.