**K.C. ENTERPRISE, Applicant,**

v.

**Davina JENNINGS, Respondent.**

**No. 03–DA–21.**

District of Columbia Court of Appeals.

May 27, 2004.

Garry D. Wright, filed the application for allowance of appeal for applicant.

Davina Jennings, pro se.

Steven H. Goldblatt, Director, Appellate Litigation Program Georgetown University Law Center, appointed amicus curiae by the court, and Elizabeth B. Wydra, Supervising Attorney, Appellate Litigation Program Georgetown University Law Center, filed a brief amicus curiae.*

---

* The court is most grateful to the *amicus curiae* and his assistants for their thorough brief and

Before FARRELL and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior Judge:

■ This application for allowance of appeal is based on the single assertion—which is in fact the case—that the record of the trial court is lost, cannot be retrieved, and cannot be reconstructed through a statement of proceedings and evidence. The application tells us that the plaintiff won a $4015.00 breach of contract judgment against the applicant, and the Superior Court computer records show that the applicant deposited the $4015.00 into the registry of the court on the date of judgment. The application states that the appeal is from the denial of a motion to reconsider. It appears that the denial of reconsideration was entered after exhaustive efforts to find or reconstruct the record. The order proposed by the applicant contained a provision granting the motion, however, the word "GRANTED" was struck out and the word "DENIED" put in its place in the handwriting of the judge. Three other proposed remedies were stricken; they proposed vacating the judgment, releasing the $4015.00 to the applicant, and scheduling a new trial. The question presented thus, is whether in the absence of a trial court record, the small claims judgment should be vacated and a new trial ordered.

## I.

■ By virtue of D.C.Code § 11–721(c) (2001), there is no appeal of right from a small claims action. *W.H.H. Trice & Co. v. Faris*, 829 A.2d 189, 193 (D.C. 2003). Where there is a record for review the court usually grants the application only where the applicant demonstrates "apparent error or a question of law, which has not been but should be decided by this Court." *Karath v. Generalis*, 277 A.2d 650, 651 (D.C.1971). Since proceedings in small claims cases are informal and unencumbered by formal rules of evidence, Super. Ct. Sm. Cl. R. 12(b) (2003), the field of possible errors available for correction by a grant of appeal is narrow indeed. Therefore, in an application for allowance of appeal context the opposing interests of the parties are in less conflict than in an appeal of right case. Those interests are (1) for the prevailing party, the property right in a judgment already acquired by litigation,[1] and (2) for the losing party, the right effectively to seek allowance of appeal. We distinguish here the difference between this case and a right of meaningful review in an appeal of right case. To be sure, the property right in a trial court judgment is in greater friction with the right of meaningful review in the latter case,[2] but still the property right has constitutional protections whereas the right of meaningful review is ordinarily provided by statute, on an assumption that a record on appeal is available.

In resolving this contest between these two interests particular attention must be paid to the presumption of validity of any

---

analysis of the problem this application presents.

1. A judgment is a court's "final determination of the rights and obligations of the parties in a case." Black's Law Dictionary 846 (7th ed. 1999). As such, D.C. law recognizes a property interest in a judgment stating that "the party in whose favor the judgment has been entered[,] may avail himself of all remedies

otherwise available in the Superior Court of the District of Columbia for the enforcement of the judgment." D.C.Code § 16–3907 (2001).

2. *See, e.g., Concord Enters. v. Binder*, 710 A.2d 219, 220 (D.C.1998); *Burwell v. Burwell*, 700 A.2d 219, 225 (D.C.1997).

acquired trial court judgment.[3] This presumption is aided and recognized by the universal proposition that an appellant, or a putative one as here, ultimately bears the burden of demonstrating prejudicial error.[4] That the applicant here cannot make that showing, through no fault of his, leaves us a choice between leaving undisturbed a judgment property right which has been won in a presumptively error free proceeding without any judicial determination that prejudicial error infected that judgment, and forcing the prevailing party to reprove his case if at all possible.[5] We hold that the best balance in this instance is to leave the judgment undisturbed. The application is denied.

*So ordered.*

---

3. *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982).

4. *Id.* at 111.

5. We are told that exhibits have likewise been lost.