BAC HOME LOANS SERVICING, LP, Appellant,

v.

Dianne BUGGS, et al., Appellees.

No. 11–CV–96.

District of Columbia Court of Appeals.

Argued Dec. 13, 2011.

Decided March 22, 2012.

---

Michael J. Quartarone, Washington, DC, for appellant.

John C. Keeney, with whom Wendy J. Weinberg was on the brief for appellee Dianne Buggs.

Before WASHINGTON, Chief Judge, BLACKBURNE–RIGSBY, Associate Judge, and BELSON, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

Appellant BAC Home Loans Servicing, LP ("BAC"), challenges the default judgment entered against it, arguing that such judgment should be vacated as void, pursuant to Super. Ct. Civ. R. 60(b)(4). BAC asserts two arguments in support of this contention: (1) the failure to join a specific note holder divested the trial court of jurisdiction under Super. Ct. Civ. R. 19 because the note holder was an indispensable party; and (2) the default judgment "purported to take an interest that BAC never had." We affirm the trial court's denial of appellant's motion to set aside the default judgment.

## I. FACTUAL SUMMARY

In the proceedings underlying this appeal, appellee Dianne Buggs, facing foreclosure and unable to refinance her home,

entered into an agreement whereby she signed over to Jerome Henry the title to her home, located at 3951 S Street in Southeast Washington, D.C. ("Property"). Ms. Buggs claims that the agreement allowed her to remain in her home while Mr. Henry refinanced the home on her behalf.[1] Ms. Buggs alleged that the arrangement was temporary and that all parties understood that she would repurchase the Property from Mr. Henry "once her credit improved." According to Ms. Buggs, Mr. Henry executed a Deed of Trust and Note with Freemont Investment and Loan, which Ms. Buggs assumed was used to pay off her outstanding mortgages. Ms. Buggs then contends that he subsequently secured at least one additional mortgage on the Property from The Mortgage Store Financial, Inc. ("The Mortgage Store"), part of which was used to pay off the previous loan obtained from Freemont Investment and Loan and part of which was taken for his personal use. Mr. Henry later died and on March 3, 2009, Mrs. Wilma Henry, as representative of Mr. Henry's estate, sued Ms. Buggs for possession of the Property. In response, Ms. Buggs filed a counterclaim, answer, plea of title and third-party complaint to quiet title contending that she was fraudulently induced to transfer title of her property to Mr. Henry.[2] Ms. Buggs later added appellant BAC, which, she alleges, acted as loan servicer for the loan Mr. Henry arranged with The Mortgage Store, and "John Doe," the as yet unidentified note holder, to the action as third-party defendants.

BAC was served with the summons and complaint, but failed to respond or appear in the action. Accordingly, the trial court granted Ms. Buggs's motion for default judgment against appellant, pursuant to Super. Ct. Civ. R. 55(b)(2). The trial court's order granting default judgment also established that appellant had no "cognizable legal or equitable interest in the property" and "permanently enjoined [BAC] from encumbering or exercising any interest in the property identified...." Ms. Buggs additionally filed a consent motion to dismiss the case and void the transfer of title to Mr. Henry, noting that Mrs. Henry had repeatedly offered to turn over the deed to the Property once the issue of the outstanding mortgage with BAC was resolved and BAC's role clarified.[3] The trial court dismissed the case and voided the transfer of title from Ms. Buggs to Mr. Henry.

BAC filed a motion to set aside the default judgment on grounds that the judgment was void for failure to join an indispensable party. Additionally, BAC

---

1. Ms. Buggs paid the monthly mortgage payments on the Property to Mr. or Mrs. Henry from December 2005, when the title was transferred, until May 2009, when Mrs. Henry refused Ms. Buggs's offers of payment. Though Ms. Buggs initially made these payments through an escrow purportedly set up at the December 2005 closing, payments were eventually made directly to Mr. and Mrs. Henry.

2. Ms. Buggs's complaint to quiet title named, as third-party defendants, the estate of Mr. Henry, Mrs. Henry, Gary Barbee, Sentry Title, LLC, and The Mortgage Store.

3. As stated in Ms. Buggs's Memorandum of Points and Authorities in Support of Consent Motion to Void Transfer of Title From Buggs to Henry and to Dismiss Proceeding, "Wilma Henry, the widow of Jerome Henry, has repeatedly throughout these proceedings represented in her pleadings that she is prepared to turn over the deed to the Property once the issue of the outstanding mortgage (with BAC) is resolved." Ms. Buggs refers to Mrs. Henry's Motion to Dismiss, where Mrs. Henry notes: "Henry has previously offered to convey the property to Buggs and will do so whenever Buggs can make arrangements to have the mortgage company transfer the property from Henry to her."

argued that the default judgment was void because it purported to revoke legal interests which did not exist. To this motion, BAC appended the Affidavit of Diane Torres–Brito, Vice President of BAC and Mortgage Electronic Registration Systems, Inc. ("MERS"). In the affidavit, Ms. Torres–Brito claimed that Citibank, not BAC, was the holder of the Deed of Trust for the Property in question and included a copy of the Assignment of the Deed of Trust transferring the deed from MERS to Citibank, care of BAC.[4] BAC contends that the assignment demonstrates that it had no interest in the Property. The Superior Court denied the motion and this appeal followed.

## II. DISCUSSION

■ Whether a default judgment is void is a question of law, and therefore an order granting the entry of a default judgment is reviewed *de novo*. *Threatt v. Winston*, 907 A.2d 780, 785 (D.C.2006). In considering whether a judgment is void under Rule 60(b)(4), we must determine "that the rendering court was powerless to enter it." *Kammerman v. Kammerman*, 543 A.2d 794, 799 (D.C.1988) (citation and internal quotation marks omitted). Further, Rule 60(b)(4) is narrowly interpreted, and a judgment made in error is not auto-

matically considered to be a judgment that is void. *Michelle A. Jones v. Hersh*, 845 A.2d 541, 545 (D.C.2004) ("A judgment must be *void*, not merely *voidable*; a judgment is not void merely because it is erroneous."). We historically have found judgments void under Rule 60(b)(4) where the court that entered judgment lacked jurisdiction over the parties or the subject matter. *Michelle A. Jones, supra*, 845 A.2d at 545–46 (citing *Kammerman, supra*, 543 A.2d at 799). As discussed below, such circumstances did not exist in this case to render the judgment void.

### A.

■ BAC asks us to address whether failure to join an indispensable party under Rule 19, prior to the entry of a default judgment, would divest the trial court of jurisdiction and render the default judgment void, pursuant to Rule 60(b)(4). However, Rule 19 is an equitable rule that does not govern jurisdiction and cannot provide a basis for relief on Rule 60(b)(4) jurisdictional grounds.[5] *See Koehler v. Dodwell*, 152 F.3d 304, 309 n. 7 (4th Cir. 1998). Instead, Rule 19 grants broad discretion to the courts to proceed in cases where interested parties are incapable of being joined if, "in equity and good conscience," the action can go forward. Su-

---

**4.** The Assignment of the Deed of Trust, dated on the same day as Ms. Torres–Brito's affidavit, states that it "memorializes an earlier assignment made on September 3, 2009, which through inadvertence, was not previously set forth."

**5.** The virtually identical federal counterpart to our Rule 19, FED.R.CIV.P. 19, has been similarly interpreted by federal courts as an equitable rule, unrelated to determinations of jurisdiction. *See Koehler, supra*, 152 F.3d at 309 n. 7 ("[E]ven if the court is mistaken in its decision to proceed in the absence of an interested person, it does not by that token deprive itself of the power to adjudicate as between parties already before it through proper ser-

vice of process."); *Rippey v. Denver United States Nat'l Bank*, 42 F.R.D. 316 (D.C.Colo. 1967) ("the indispensability question ... is not, nor has it ever been jurisdictional, in the technical sense of the term...."). Further, the drafters of FED.R.CIV.P. 19 amended its language to make it clear that even where a court mistakenly proceeds without an interested party, it is not deprived of its ability to adjudicate between the present parties where service has been properly made. FED.R.CIV.P. 19 Advisory Committee's Note; *see also* 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1611 (2d ed. 1986).

per. Ct. Civ. R. 19. The language of Rule 19 demonstrates that the Rule does not render the court powerless if an interested party is absent, but grants the court discretion to enter judgment in a fair manner.[6] *Id.* Thus, failure to join an allegedly indispensable party under Rule 19 does not preclude the trial court from exercising jurisdiction it otherwise has, even where the court's exercise of discretion may have been flawed; such failure to join is not a basis for awarding relief to a party seeking to void the judgment on Rule 60(b)(4) jurisdictional grounds.

Here, BAC argues that Rule 19 sets forth a court's power to enter judgment, and applies this reasoning in the context of Rule 60(b)(4) to contend that a default judgment, entered as a result of BAC's failure to appear in trial proceedings, was void. However, both the language of Rule 19 and our past precedent demonstrate that Rule 19 does not govern jurisdiction. Accordingly, we hold that BAC has offered no valid grounds to establish that a flaw in the court's exercise of jurisdiction under Rule 19 would render the court powerless to enter default judgment and require that any such judgment be found void. Therefore, we hold that Rule 19 offers BAC no jurisdictional basis for Rule 60(b)(4) relief, and affirm the trial court's denial of BAC's motion to set aside the default judgment.

### B.

■■ BAC further argues that the default judgment was void as the judgment "purported to take an interest that BAC never had," and therefore, the judgment was "null and void *ab intio* because the trial court lacked authority to enter the judgment." Despite BAC's claim, the equitable and injunctive relief provided in the default judgment takes nothing from BAC. Relief, under Rule 60(b)(4), is reserved for cases where severe procedural deficiencies have occurred. *Michelle A. Jones, supra,* 845 A.2d at 545 ("a judgment is not void merely because it is erroneous"); *see Goudie v. William Norwitz Co.,* 280 A.2d 77, 78 (D.C.1971) (failure to enter affidavit as required resulted in void judgment); *(Mary) Jones v. Health Resources Corp. of Am.,* 509 A.2d 1140, 1145–46 (D.C.1986) (appearance was entered before default judgment). Here, no such procedural deficiency took place. BAC was properly served and failed to appear. The default judgment against BAC was the result of Ms. Buggs's timely filing for default under Rule 55(a). Ms. Buggs availed herself of the procedures for seeking a default judgment against BAC and no procedural deficiency occurred.

Accordingly, for the aforementioned reasons, we hold that the default judgment was not void under Rule 60(b)(4), and affirm the trial court's denial of BAC's motion to set aside the default judgment.

*So ordered.*

6. The language of Super. Ct. Civ. R. 19(b) provides:

> If [an interested person] cannot be made a party, the Court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the Court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; 2nd, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; 3rd, whether a judgment rendered in the person's absence will be adequate; 4th, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.