# District of Columbia
# Court of Appeals

**No. 14-CV-1367**

ANDREW BUTLER,

Appellant,

v.                                                                    **LTB-12794-14**

HENRY HARDEN,

Appellee.

FILED

FEB 11 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: Thompson and Easterly, Associate Judges; and Ferren, Senior Judge.

## J U D G M E N T

This case was submitted to the court on the transcript of record, the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment reinstating the default judgments is reversed, and the case is remanded for vacation of the default judgments, and for further proceedings as appropriate.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: February 11, 2016.

Opinion by Associate Judge Phyllis D. Thompson.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CV-1367

ANDREW BUTLER, APPELLANT,

v.

HENRY HARDEN, APPELLEE.

FILED 2/11/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(LTB-12794-14)

(Hon. Brian F. Holeman, Trial Judge)

(Submitted November 12, 2015                    Decided February 11, 2016)

*Kenneth E. Barton, III*, Student Attorney (No. 13794), and *Daniel M. Clark*, Supervising Attorney, were on the brief for appellant.

Appellee did not file a brief.

Before THOMPSON and EASTERLY, *Associate Judges*, and FERREN, *Senior Judge*.

THOMPSON, *Associate Judge*:    The record on appeal establishes that a Superior Court judge entered a judgment for possession of appellant's rental unit at 1427 Holbrook Street, N.E., as well as a money judgment in favor of the appellee landlord, even though (1) appellant had appeared in the Landlord Tenant ("L&T") case and (2) the landlord failed to present ex parte proof of the rent allegedly owed.

Therefore, as we explain below, the judgments were void. This means that the ruling that is before us on appeal — a judgment reinstating the judgments for possession and back rent that had earlier been vacated — cannot stand. Accordingly, we reverse.

**I.**

On May 21, 2014, appellee Henry Harden (the "landlord") filed a complaint for possession against appellant Andrew Butler, alleging nonpayment of rent. During the L&T court roll call on the initial return date, June 11, 2014, appellant was present, the landlord failed to appear, the case was dismissed for want of prosecution, and appellant was excused. Later that day, after appellant had been excused, the landlord appeared through counsel, and the court vacated the dismissal, reinstated the case, and set the case for a "further initial hearing" to be held on June 26, 2014. The docket sheet indicates that notice of the rescheduled hearing was mailed to appellant, but appellant asserts (as he eventually told the trial court) that he never received the notice. On June 26, 2014, when appellant did not appear at the scheduled hearing, the court (the Honorable Brian Holeman) entered a default against appellant, heard representations by landlord's counsel about the amount of rent owed, agreed to grant the landlord a judgment for

possession and a money judgment (the "default judgments"), and after the landlord filed a Servicemembers Civil Relief Act affidavit[1] on August 8, 2014, entered the default judgments. The landlord obtained a writ of restitution on August 19, 2014.

On August 28, 2014, appellant, having received a notice of the writ, asked the court to stay execution of the writ, explaining that he thought the case had been dismissed and that he had not received notice of the June 26 hearing. The court (the Honorable Jeanette Clark) denied his request on the same day. On September 8, 2014, appellant, this time represented by a student attorney, again applied to stay execution of the writ and asked the court to vacate the default judgments.[2] Without

---

[1] *See* Super. Ct. L&T R. 11 (e), (f).

[2] The student attorney advanced the same arguments appellant had made when he appeared *pro se* on August 28: that appellant had been present in L&T court on June 11, was excused when the landlord did not appear, and did not receive notice of the June 26 rescheduled initial hearing. The student attorney also filed on appellant's behalf an answer and counterclaim that alleged serious housing code violations. The student attorney did not address whether the court had authority to reinstate the landlord's complaint. *See* Super. Ct. L&T R. 11 (c) ("The Clerk shall dismiss the case without prejudice for want of prosecution . . . if the defendant appears, personally or through counsel, but neither the plaintiff nor the plaintiff's attorney is present."). *But see* Super. Ct. Civ. R. 41 (b) ("Any order of dismissal . . . shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed."); Super. Ct. L&T R. 2 (providing that Super. Ct. Civ. R. 41 is among the rules "applicable to proceedings in the Landlord and Tenant Branch of the

(continued…)

the landlord present, the court granted a stay through September 22, 2014, when the court would hear the motion to vacate. At the September 22 hearing, again without the landlord in attendance, the court (the Honorable Stuart Nash) granted the motion to vacate "[i]n the absence of any opposition" and quashed the writ of restitution.

Three days later, the landlord filed a motion for relief from the ruling that vacated the default judgments, arguing that appellant's filing of a second application to stay execution of the writ after his first (*pro se*) application had been denied was an improper means of seeking redress. On November 21, 2014, Judge Nash granted the landlord's motion, reasoning that "Judge Clark[] had already ruled [against appellant] on that exact issue." Judge Nash reinstated the default judgments and denied appellant's oral motion to stay execution of the judgments. Appellant timely appealed that ruling.

Appellant argues on appeal (1) that he is entitled to relief because Judge Holeman granted the default judgments without first requiring the landlord to present ex parte proof of the amount of rent allegedly owed, and (2) that Judge

---

(…continued)
Court, except where inconsistent with the provisions of the Landlord and Tenant Rules or the summary nature of proceedings in this Branch").

Nash abused his discretion in reinstating the default judgment. We agree with the first of appellant's contentions and need not reach the second.

## II.

The Superior Court docket sheet indicates, and there is no dispute, that appellant appeared on the initial return date in this case.[3] The L&T court rules provide that if a defendant "has previously entered an appearance," the court may grant a default judgment for possession "only upon plaintiff's presentation of ex parte proof[.]" Super. Ct. L&T R. 11 (e)(1). The requirement for ex parte proof applies as well with respect to the money judgment.[4] Thus, to obtain the default judgments, the landlord was required to present ex parte proof, i.e., documentation of "liability and damages." *Jones v. Hersh*, 845 A.2d 541, 548 (D.C. 2004) (interpreting L&T court Rule 11). Judge Holeman, however, operating under the

---

[3] The landlord has not filed a brief in this court, but, in the trial court, the landlord's counsel acknowledged that appellant "did come to court" on June 11.

[4] *See W.H.H. Trice & Co. v. Faris*, 829 A.2d 189, 193 (D.C. 2003) (reviewing D.C. Small Claims court Rule 11 and explaining that default judgment was in error because it was entered without ex parte proof of liability); *Klein v. Rappaport*, 90 A.2d 834, 835 (D.C. 1952) ("Absence of a defendant [who had appeared and answered] when a case is called for trial . . . does not warrant a judgment against him by default, but a trial or hearing on the issues is necessary and the judgment which follows is based on the proof adduced.").

mistaken belief that appellant never "answer[ed] up at the roll call . . . when the Court called his name," did not require and did not receive ex parte proof as required by Rule 11 (e)(1). Judge Holeman had before him only the verified complaint[5] and heard only from the landlord's counsel, who told the court (incorrectly, as it turns out) that she "believe[d]" that appellant's portion of the (subsidized) rent was "$202 per month."

Without the required ex parte proof, Judge Holeman was without authority to enter the default judgments. "[A] judgment entered without the requisite proof is a judgment that is void." *Id.*; *Health Res. Corp. of Am.*, 509 A.2d at 1146-47. "[I]f a judgment is void, it must be vacated." *Hersh*, 845 A.2d at 545. It is of no moment that appellant did not raise this claim in opposing the landlord's motion to reinstate the judgments (or in moving to vacate the judgments), because a "void

---

[5] Our case law establishes that a verified complaint is insufficient to support entry of judgment. *W.H.H. Trice*, 829 A.2d at 194; *see also Jones v. Health Res. Corp. of Am.*, 509 A.2d 1140, 1146 (D.C. 1986) (no entry of judgment based on verified complaint); *Milton Properties, Inc. v. Newby*, 456 A.2d 349, 354 (D.C. 1983) ("[C]ontents of verified pleadings are so conclusory in nature that they would not have sufficed as . . . proof."); Super. Ct. L&T R. 10 (b) (providing that "[i]n any case involving an allegation of nonpayment of rent, the plaintiff shall bring to every court hearing, including the initial hearing . . . copies of all rent ledgers within the plaintiff's possession, custody, or control that tend to show the defendant's payment or nonpayment of rent owed" and that "[u]pon request of . . . the court, the plaintiff shall promptly produce all ledgers and other materials the plaintiff has brought to court pursuant to this subsection").

judgment may be vacated at any time." *Wade v. Union Storage & Transfer Co.*, 58 A.2d 493, 496 (D.C. 1948).

For the foregoing reasons, the judgment reinstating the default judgments is reversed, and the case is remanded for vacation of the default judgments, and for further proceedings as appropriate.[6]

---

[6] We have not been asked to decide whether there are impediments to further proceedings on the landlord's complaint. See *supra* note 2.