**James McLAUGHLIN, Appellant,**

v.

**FIDELITY SECURITY LIFE INSURANCE, Appellee.**

No. 94–CV–1607.

District of Columbia Court of Appeals.

Submitted Oct. 19, 1995.

Decided Nov. 16, 1995.

---

Bruce C. Eddy, Greenbelt, MD, was on the brief for appellant.

James C. Thompson, Jr., Washington, DC, was on the brief for appellee.

Before FARRELL and RUIZ, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

This case presents the issue whether a default judgment obtained without proper service of process must be vacated on the motion of a defendant who had personal knowledge of the action. Appellee Fidelity Security Life Insurance filed a complaint against appellant James McLaughlin seeking relief for McLaughlin's alleged violations of a consent decree previously entered in the Superior Court.[1] Fidelity attempted to serve McLaughlin by delivering a copy of the summons and complaint to McLaughlin's counsel in the prior matter. After McLaughlin did not answer the complaint or otherwise appear to defend,[2] Fidelity sought and obtained entry of a default judgment pursuant to Superior Court Civil Rule 55. Thereafter, McLaughlin moved to vacate the judgment on the ground that he had never been properly served. The trial court denied the motion, finding that McLaughlin had been "duly and timely served and notified of all pleadings and proceedings" in the action. We

reverse because there is no evidence in the record to show that McLaughlin was properly served, and without proper service the default judgment is void.

■ Fidelity asserts that it served the attorney who was counsel for McLaughlin in the prior litigation, Bruce C. Eddy. Superior Court Civil Rule 4(d)(1) requires that service upon an individual defendant be accomplished either upon that individual directly or "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extra-judicial statements of the attorney." *Schwarz v. Thomas*, 95 U.S.App.D.C. 365, 368, 222 F.2d 305, 308 (1955). Thus, the mere appearance of authority is insufficient.[3] Moreover, the agent's authority cannot be implied from the agent's position. *See Leichtman v. Koons*, 527 A.2d 745, 747 n. 4 (D.C.1987) (holding that office employee with authority to receive business communications does not, by virtue of that position, have authority to receive process). Applying the foregoing rules, the court in *Schwarz* held that service of process on the defendant's attorney for another litigation was insufficient. 95 U.S.App.D.C. at 368, 222 F.2d at 308.

■ Similarly, the attempted service here, where there was no proof of actual authority on the part of McLaughlin's counsel, Mr. Eddy, is insufficient. The trial court made no finding of fact that Mr. Eddy had actual authority to receive process. Moreover, the

1. It is not clear from the record why Fidelity felt it was necessary to file a separate complaint to vindicate its rights under the consent decree. Neither party has addressed the issue; therefore, we assume for purposes of this appeal that commencement of a new action was necessary in this case.

2. McLaughlin did, apparently, call the trial judge's courtroom clerk during a scheduling conference at which counsel for Fidelity was in attendance. McLaughlin advised the court that he was out of the District of Columbia and that he had not been personally served with process.

3. This court has distinguished apparent and actual authority:

> [A]pparent authority arises when a principal places an agent "in a position which causes a third person to reasonably believe the principal had consented to the exercise of authority the agent purports to hold. This falls short of an overt, affirmative representation by a principal."

*Insurance Management v. Eno & Howard Plumbing Corp.*, 348 A.2d 310, 312 (D.C.1975) (quoting *Drazin v. Jack Pry, Inc.*, 154 A.2d 553, 554 (D.C.1959)).

record before us cannot support such a finding. Both McLaughlin and Mr. Eddy state in affidavits that they were not personally served with process in this action and that Mr. Eddy was not appointed agent to receive service of process. Whether McLaughlin received actual notice of the action is immaterial to the sufficiency of service of process. *See* Super.Ct.Civ.R. 12(b)(5), (h)(1)(B) (permitting objection to sufficiency of service of process to be presented either by motion prior to responsive pleading or in the party's first responsive pleading); *Leichtman, supra,* 527 A.2d at 747 & n. 5; *Parker v. Frank Emmet Real Estate,* 451 A.2d 62, 66 (D.C. 1982).[4]

■ A default judgment entered in the absence of effective service of process is void. *Schwarz, supra,* 95 U.S.App.D.C. at 369, 222 F.2d at 309; *Williams v. Capital Transit Co.,* 94 U.S.App.D.C. 221, 224, 215 F.2d 487, 490 (1954). A party may seek relief from a void judgment under Superior Court Civil Rule 60(b)(4):

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void....

■ Although R. 60(b) is generally construed to vest discretion in the trial court, if on appeal from denial of a motion to vacate a judgment it appears that the judgment is void for want of sufficient service of process, the appellate court must reverse the default judgment because it was entered without personal jurisdiction. *See Combs v. Nick Garin Trucking,* 263 U.S.App.D.C. 300, 305, 825 F.2d 437, 442 (1987) (construing Fed. R.Civ.P. 60(b)(4)).[5] No amount of discretion can create jurisdiction where there is none.

The judgment must be reversed and the case remanded for further proceedings.

*So ordered.*

---

4. The cases cited by Fidelity for the contrary proposition are inapposite. In none of those cases was the sufficiency of process at issue. *See Starling v. Jephunneh Lawrence & Assocs.,* 495 A.2d 1157, 1159 (D.C.1985) (remanding for hearing on Rule 60(b) motion where summary judgment had been granted as unopposed when defendant and counterclaimant's counsel filed opposition two days late); *Clark v. Moler,* 418 A.2d 1039, 1041 (D.C.1980) (reversing denial of Rule 60(b)(1) motion where defendant, who had been served, took process to her attorney who then failed to file an answer); *Dunn v. Profitt,* 408 A.2d 991, 993 (D.C.1979) (reversing denial of Rule 60(b)(1) motion where defendant, who had filed an answer, failed to appear at trial because he had not received notice of the date); *Union Storage Co. v. Knight,* 400 A.2d 316, 318 (D.C. 1979) (affirming denial of Rule 60(b)(6) motion where valid substituted service had been effected and any lack of actual notice was due to corporate defendant's failure to maintain an address for service of process); *Jones v. Hunt,* 298 A.2d 220, 221 (D.C.1972) (reversing denial of Rule 60(b)(6) motion where defendant had been served by publication, the sufficiency of which the court declined to address, but did not receive actual notice, did not act in bad faith to evade service, and plaintiff showed no actual prejudice due to delay).

5. The only exception is where service of process has been waived. *Id.* at 305 n. 42, 825 F.2d at 442 n. 42. In the present case, McLaughlin never filed an answer or a responsive motion; therefore, he did not waive his right to proper service of process. *See* Super.Ct.Civ.R. 12(h)(1) (providing that defense of insufficiency of service of process is waived if omitted from responsive motion or pleading).