*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-FM-718

CAROLYN POPE MASSEY, APPELLANT,

V.

FREDDIE MASSEY, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(DRB-1540-83)

(Hon. Jennifer Di Toro, Motions Judge)

(Submitted May 15, 2017                    Decided June 20, 2019)[*]

*Frederic W. Schwartz, Jr.* was on the brief for appellant.

*Ashley McDowell*, *Stephanie Troyer*, and *Jonathan Levy* were on the brief for appellee.

Before BECKWITH and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of the separate motions to publish filed by appellant, appellee, and a nonparty, Bread for the City.

BECKWITH, *Associate Judge*:  Appellee Freddie Massey was ordered to pay child support to his ex-wife, appellant Carolyn Pope Massey, at the time of their divorce in 1985.  In 2014, Mr. Massey filed a motion to reduce arrears, which the trial court granted upon concluding that the statute of limitations barred the collection of the outstanding arrears.  Ms. Pope Massey appeals the judgment vacating all of Mr. Massey's outstanding child support arrears.  We affirm.

## I.

Mr. Massey and Ms. Pope Massey married in 1969 and had four children before divorcing in 1985.  Mr. Massey, the defendant in the divorce action, was ordered to pay $450 per month in child support as part of the judgment of absolute divorce.  The parties' youngest child, Freddie Massey Jr., emancipated on his twenty-first birthday in October of 1999.  Mr. Massey remained in arrears, which totaled approximately $49,000 at the time of the judgment under review.

In 2007, the District of Columbia Child Support Services Division intercepted Mr. Massey's federal tax refund in partial satisfaction of the arrears.  On May 17, 2007, Mr. Massey, acting pro se, filed a motion to terminate the child support order and all arrears on the grounds that he was homeless and disabled and

could not afford the payments. The motion was denied without prejudice on January 22, 2008. In 2012, Mr. Massey began receiving Social Security Disability Insurance (SSDI) benefits, which the government withheld in part for child support. On December 3, 2012, Mr. Massey filed another pro se motion to terminate his child support obligations on the grounds of disability, unemployment, and his need for his SSDI benefits. This motion was denied on January 19, 2013.

On July 8, 2014, Mr. Massey filed a third pro se motion to terminate his child support obligations, which was largely identical to the second motion with the addition of the handwritten notation "stature [sic] of limitations Oct, 1999." He subsequently obtained counsel from the Legal Aid Society of the District of Columbia and filed a new motion to reduce the arrears on statute-of-limitations grounds on October 21, 2014. At a hearing on May 6, 2015, the court heard argument from Mr. Massey, Ms. Pope Massey, and an Assistant Attorney General representing the District of Columbia.[1] On May 13, the court issued an order granting the motion and vacating all of the arrears as time-barred due to the statute of limitations. Ms. Pope Massey now challenges that order on appeal.

---

[1] The District was permitted to participate below as an intervenor. It has not sought to participate in this appeal.

**II.**

When a court orders a party to pay child support, those support payments "constitute judgment debts as each installment becomes due and payable." *Mayo v. Mayo*, 508 A.2d 114, 115 (D.C. 1986); *see also Lomax v. Spriggs*, 404 A.2d 943, 948 (D.C. 1979) (holding that "each periodic payment for support becomes a separate money judgment as of the date of its accrual"). Such judgments are enforceable for twelve years "from the date when an execution might first be issued thereon, or from the date of the last order of revival thereof." D.C. Code § 15-101(a) (2012 Repl.).[2] After the expiration of those twelve years, "the judgment . . . shall cease to have any operation or effect" and is no longer enforceable "except in the case of a proceeding that may be then pending for the enforcement of the judgment." D.C. Code § 15-101(b).

Mr. Massey's final child support payment became due no later than October 30, 1999, when his youngest child turned twenty-one. *See Butler v. Butler*, 496 A.2d 621, 622 (D.C. 1985) ("Child support obligations in the District of Columbia

---

[2] All subsequent D.C. Code citations are to the 2012 Replacement Volume.

continue until age twenty-one.").[3] The trial court determined that by October 30, 2011—twelve years later—all of the judgment debts had expired. Ms. Pope Massey challenges that ruling on four grounds. Our review is de novo except where otherwise noted. *See Daniels v. Potomac Elec. Power Co.*, 100 A.3d 139, 142–43 (D.C. 2014).

## A. Waiver and Preclusion

Ms. Pope Massey first argues that Mr. Massey was barred from raising the statute-of-limitations issue in his 2014 motion because he had not raised it in his earlier 2007 and 2012 motions seeking the same relief. She offers two theories in support of this argument: waiver—that is, Mr. Massey did not timely assert the statute-of-limitations defense—and what she refers to as claim preclusion, which in her view would bar Mr. Massey from relying on the statute-of-limitations defense because he could have litigated it in an earlier motion.

"We review the trial court's rejection of appellant's waiver claim for abuse

---

[3] To the extent that Ms. Pope Massey argues in a footnote that Mr. Massey's child support payments continued to accrue indefinitely because the divorce decree "does not limit the period during which the payments shall be made," this contention is foreclosed by our holding in *Butler*.

of discretion." *Jaiyeola v. District of Columbia*, 40 A.3d 356, 361 (D.C. 2012). In general, a statute-of-limitations defense "must be set forth affirmatively in a responsive pleading" or else it could be waived. *Feldman v. Gogos*, 628 A.2d 103, 104 (D.C. 1993) (quoting *Whitener v. Washington Metro. Area Transit Auth.*, 505 A.2d 457, 458 (D.C. 1986)). In this case, however, Mr. Massey had no occasion to file a responsive pleading, as he is the one who raised the statute-of-limitations issue in an affirmative motion seeking to reduce his arrears. *Cf. Mayo*, 508 A.2d at 115, 117 (finding waiver where party failed to raise a statute-of-limitations defense *in response* to a claim for support arrears) (emphasis added). We are not persuaded that under the circumstances of this case Mr. Massey waived or forfeited[4] his statute-of-limitations argument where he presented it in the first

_____

[4] Though the parties primarily refer to "waiver" in their briefs, Ms. Pope Massey's assertion that Mr. Massey failed to timely raise the defense seems better characterized as an alleged forfeiture. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.") (internal quotation marks omitted). While the distinction can have practical implications—courts may apply plain error review to forfeited arguments, for example, *see id*. at 733–34, while wholly declining to address arguments a party has waived, *see id*. at 732–34—it is of no consequence here, as we ultimately conclude that Mr. Massey timely asserted the defense in his initial motion.

instance as an affirmative defense, not in belated response to a prior pleading.[5]

Even if we were inclined to apply the waiver doctrine when a party failed to raise a statute-of-limitations defense in an earlier affirmative motion, we have previously stated that the requirement to timely assert the defense of statute of limitations must not be "narrowly construed" as "[t]he trend in both this court and the federal courts . . . is to be flexible in the [application of the waiver doctrine], especially when no substantial prejudice would result from permitting the defendant to raise an affirmative defense at a later stage in the litigation." *Whitener*, 505 A.2d at 459, 461. We have further held that it is an abuse of discretion to deny a motion to amend and assert this defense absent a showing of significant prejudice.[6] *See District of Columbia v. Tinker*, 691 A.2d 57, 62 (D.C. 1997). Ms. Pope Massey has not convinced us that she was unfairly prejudiced by

---

[5] This is not to say there may not be other circumstances in which a party waives a statute-of-limitations defense even after raising it in a responsive pleading. *See, e.g.*, *George Washington Univ. v. Violand*, 940 A.2d 965, 970 (D.C. 2008) (per curiam).

[6] Though Ms. Pope Massey asserts that she "suffered terminal prejudice" as a result of Mr. Massey's late assertion of the statute of limitations, she acknowledges in the same paragraph that she benefited from the District's withholding of Mr. Massey's SSDI benefits up until the trial court granted his motion in 2015.

the trial court's refusal to find that Mr. Massey had waived or forfeited his statute-of-limitations defense.[7]

Ms. Pope Massey also relies on the doctrine of claim preclusion, or res judicata, in arguing that Mr. Massey could have, but did not, litigate the issue of the statute of limitations in one of his earlier motions and therefore may not raise it now.[8] Claim preclusion "prevents the same parties from relitigating the same

---

[7] The trial court's consideration of the fact that the 2014 motion was the first in which Mr. Massey had the assistance of counsel is also consistent with our case law. We have stated that "[i]n matters involving pleadings, service of process, and timeliness of filings, pro se litigants are not always held to the same standards as are applied to lawyers. What distinguishes this category of cases is the focus on the merely technical, rather than substantive, rules of procedure." *MacLeod v. Georgetown Univ. Med. Ctr.*, 736 A.2d 977, 980 (D.C. 1999) (citations omitted)*; see also Pajic v. Foote Props., LLC*, 72 A.3d 140, 148 (D.C. 2013) (referring to the "latitude" that we afford to pro se litigants in matters of pleading). Though Ms. Pope Massey says it is "far from clear" that Mr. Massey was unrepresented in 2007 and 2012, she offers nothing that meaningfully casts doubt upon the trial court's findings, docket entries, and Mr. Massey's assertions in open court that he was pro se until counsel for Legal Aid first entered an appearance on September 3, 2014. We also note that Ms. Pope Massey was herself pro se until the time of this appeal.

[8] Though Ms. Pope Massey's claim preclusion argument refers to both the 2007 and 2012 motions as motions in which Mr. Massey could have raised the statute-of-limitations defense, he could not have raised it in the 2007 motion because the statute-of-limitations period had not yet expired. Ms. Pope Massey also argues that Mr. Massey is precluded from relitigating the claims based on his children having reached the age of majority and Mr. Massey himself having insufficient funds, but those are neither claims Mr. Massey made in his motion to

(continued…)

claim, including any issue that either was or might have been raised in the first proceeding." *Crane v. Crane*, 614 A.2d 935, 938 (D.C. 1992) (quoting *Rhema Christian Ctr. v. District of Columbia Bd. of Zoning Adjustment*, 515 A.2d 189, 192–193 (D.C. 1986)). As that statement of the rule implies, this preclusion doctrine prevents relitigation of claims only in subsequent or ancillary proceedings. "It is clear that res judicata . . . do[es] not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment." *Arizona v. California*, 460 U.S. 605, 619 (1983); *see also Kuhn v. State*, 897 P.2d 792, 795 (Colo. 1995) ("[R]es judicata is not applicable to an earlier decision in the same lawsuit."). Every motion Mr. Massey filed in this case has been filed under the same Superior Court case number as the original decree ordering child support payments, so res judicata did not preclude Mr. Massey from later asserting the statute of limitations in that same proceeding.

## B.  Renewal

Ms. Pope Massey also argues that the trial court's denials of Mr. Massey's

---

(…continued)
reduce arrears (the motion decided by the order on appeal here) nor bases for the trial court's decision to grant Mr. Massey relief.

2007 and 2012 motions served to "renew" the judgment awarding child support and restart the clock on the twelve-year statute of limitations. She relies on D.C. Code § 16-916.01(a), which provides that "in any case that seeks to modify an existing support order, if the judicial officer finds that there is an existing duty of child support, the judicial officer shall conduct a hearing on child support, make a finding, and enter a judgment in accordance with the child support guideline . . . ."[9] Ms. Pope Massey's interpretation of this statute—the only support she offers for her contention that "renewal" is a valid method for extending the statute-of-limitations period for child support payments—stands in some tension with the case law on the revival of judgments.

When a decree awards child support, each child support payment that becomes due matures into a separate money judgment valid only for the length of

---

[9] The parties' briefs evince some confusion regarding which statute Ms. Pope Massey was relying on to support this argument. In her initial brief, Ms. Pope Massey cites D.C. Code § 16-916.01(a) as part of her argument that the judgment was renewed with each denial by the trial court. Mr. Massey responds to the renewal argument by arguing in his brief that the statute providing for revival of a judgment or decree, D.C. Code § 15-103, requires an order of revival, which was never issued in this case. In her reply brief, Ms. Pope Massey disclaims reliance on D.C. Code § 15-103, acknowledging that it "requires some specificity[,]" and instead reiterates her position that the trial court's denials of the 2007 and 2012 motions were judgments that led to new statute-of-limitations periods under D.C. Code § 16-916.01(a).

the enforcement period specified in § 15-101(a), beginning from the date of its accrual. *See Lomax*, 404 A.2d at 948; *Jasper v. Carter*, 451 A.2d 46, 48 (D.C. 1982). "[U]nless an order reviving such a judgment is issued within twelve years of the date on which the court-ordered support payment matures, the judgment 'cease[s] to have any operation or effect.'" *Id.* (citing D.C. Code §§ 15-101(b), -103) (alterations in original)). *See also Mayo*, 508 A.2d at 115. Before denying Mr. Massey's 2007 motion, the trial court did hold several hearings, but ultimately did not make any findings (other than noting Mr. Massey's current balance owed), let alone issue an order of revival, which Ms. Pope Massey acknowledges requires clear language of that intent. *See, e.g.*, *Michael v. Smith*, 221 F.2d 59, 60 (D.C. Cir. 1955). Instead, the court denied the motion without prejudice in order to allow Mr. Massey to "re-fil[e] if [he had] some evidence to support [his] claim." The trial court similarly did not make any findings when it denied his 2012 motion, and entered no judgment or order that would start a new twelve-year period.[10]

Ms. Pope Massey cites another statute in her reply brief, D.C. Code § 46-204(b), that acknowledges that each payment Mr. Massey owed vested upon the

---

[10] Moreover, if the 2007 motion did not restart the clock, the 2012 motion came after the statute of limitations had already expired, as the last payment was due October 30, 1999, when Mr. Massey's youngest child turned twenty-one.

date it became due. *See id.* ("An award of alimony, child support, or maintenance is a money judgment that becomes absolute, vested, and upon which execution may be taken, when it becomes due."); *see also Kephart v. Kephart*, 193 F.2d 677, 684 (D.C. Cir. 1951) (en banc) ("When a decree awards alimony payable in future installments, the right to each installment becomes absolute and vested when it becomes due, provided no modification of the decree had been made prior to its maturity."). Once an installment matures under an unmodified decree, it "becomes a judgment debt similar to any other judgment for money." *Id.* In this case, the court's orders did not modify the original decree prior to the maturity of any of the installments,[11] nor was a stay issued that would have tolled the statute-of-limitations period. *See Dickey v. Fair*, 768 A.2d 540, 541–42 (D.C. 2001) ("A stay must be affirmatively ordered by a court, or a supersedeas bond must be obtained and filed, before the twelve-year enforcement period can be tolled under section 15-101(a)(2)."). In the absence of authority suggesting a statute-of-limitations period for child support payments may be "renewed," as opposed to explicitly revived or tolled, we are not persuaded that the statute of limitations may be

---

[11] Even if the orders did modify the original decree, this would not have affected the payments already owed. *See* D.C. Code 46-204(c) ("No modification of an award of alimony, child support, or maintenance may be retroactive . . . .").

restarted or extended in this manner.

Mr. Massey's judgment debts date back to the period prior to October 30, 1999. As twelve years had elapsed since the last of those judgments became due, and no order of revival had been issued, the trial court did not err in deeming them to be unenforceable.[12]

### C.    Nullum tempus occurrit regi

Ms. Pope Massey argues that Mr. Massey cannot assert the statute of limitations under the doctrine of *nullum tempus occurrit regi* ("no time runs against the sovereign"), which provides the sovereign with "a common-law immunity from the operation of statutes of limitations and repose." *District of Columbia v. Owens-Corning Fiberglas Corp.*, 572 A.2d 394, 400–401 (D.C. 1989). Under this doctrine, we have held that "the District of Columbia is immune from the running of the statutes of limitations and repose when it brings suit

---

[12]  Ms. Pope Massey also argues for the first time in her reply brief that the judgments against Mr. Massey were renewed by Mr. Massey's acknowledgements of the debt in his 2007 and 2012 motions. We decline to reach this claim, as "[i]t is the longstanding policy of this court not to consider arguments raised for the first time in a reply brief." *Marshall v. United States*, 15 A.3d 699, 711 n.2 (D.C. 2011) (quoting *Stockard v. Moss*, 706 A.2d 561, 566 (D.C. 1997)) (alteration in original).

seeking to vindicate public rights and involving the performance of public functions." *Id.* at 406; *see also New 3145 Deauville, LLC v. First Am. Title Ins. Co.*, 881 A.2d 624, 629 (D.C. 2005) ("The common law has long accepted the principle *nullum tempus occurrit regi*—neither laches nor statutes of limitations will constitute a defense to suit by the sovereign in the enforcement of a public right.").

We need not decide whether this case involves "the enforcement of a public right," because it is not a "suit by the sovereign."[13] *Id.* This is a case between two private parties in which Mr. Massey contests the continued validity of judgment debts in favor of Ms. Pope Massey. The District's sole involvement in this case was through its withholding of money to pay off Mr. Massey's arrears. Although the District participated below as an intervenor, it did not assert any immunity under *nullum tempus* and it has not participated in this appeal. Even if this were a case to which the doctrine applied, Ms. Pope Massey does not explain why she

---

[13] As we observed in *New 3145 Deauville*, *nullum tempus* "is now codified in perhaps even broader application in D.C. Code § 12-301." 881 A.2d at 629. That statute provides in relevant part that various statutes of limitations, though not the one contained in D.C. Code § 15-101, do not apply to "actions brought by the District of Columbia government."

would be entitled to assert the District's immunity.[14] *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."). We are therefore not persuaded that this is a proper case or that Ms. Pope Massey is a proper party to invoke the *nullum tempus* doctrine.

### D. D.C. Code § 46-215

Finally, Ms. Pope Massey points to D.C. Code § 46-215, which provides that an order to withhold based on a judgment for support and issued within twelve years of that judgment "shall not lapse or become invalid before complete satisfaction solely by reason of the expiration of the period of limitation set forth in § 15-101." The docket does reflect two withholding orders issued within the limitations period: one was directed to OPM (presumably the United States Office of Personnel Management) in 1991, and the other to Pinkerton's in 1993. There is no indication that either withholding order is still in effect, and we can surmise that

---

[14] Ms. Pope Massey does assert that she "is both acting as a party and as a private attorney general" vindicating the public policy in favor of child support enforcement. The case she cites, *McReady v. Department of Consumer and Regulatory Affairs*, 618 A.2d 609, 614 (D.C. 1992), refers to the "private attorney general" concept in 42 U.S.C. § 1988, which provides for an award of attorney's fees to prevailing parties in proceedings to enforce specific civil rights statutes.

Mr. Massey once worked for these employers but, given his statement in his 2012 motion that he is unemployed, no longer does. The docket does not reflect when the government began withholding portions of Mr. Massey's SSDI benefits, but the trial court found that Mr. Massey began receiving those benefits only in 2012, more than twelve years after the final child support judgment accrued in October 1999. The record thus does not demonstrate that any withholding order was in effect when the final statute-of-limitations period expired.[15]

## III.

Finding no error in the trial court's grant of Mr. Massey's motion to reduce arrears, we affirm.

*So Ordered.*

---

[15] Ms. Pope Massey also argues that, under the law-of-the-case doctrine, Mr. Massey could not rely on his disability, his unemployment, or his children's emancipation in his 2014 motion because his earlier motions, which did rely on these grounds, were denied. But these arguments were made in Mr. Massey's 2014 motion to modify, not the motion on appeal here. The trial court had not previously addressed the statute-of-limitations argument in Mr. Massey's motion to reduce arrears, and we therefore agree with Mr. Massey that the law-of-the-case doctrine does not apply. *See Tompkins v. Washington Hosp. Ctr.*, 433 A.2d 1093, 1098 (D.C. 1981); *Nunnally v. Graham*, 56 A.3d 130, 142 (D.C. 2012).