*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-CV-0590

PLUS PROPERTIES TRUST, APPELLANT,

v.

JULIANA L. MOLINUEVO THEN, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2022-CA-000759-B)

(Hon. Robert Rigsby, Trial Judge)

(Submitted September 25, 2024                    Decided October 17, 2024)

*Kellee Baker* was on the brief for appellant.

*Juliana L. Molinuevo Then*, pro se.

Before EASTERLY, MCLEESE, and SHANKER, *Associate Judges*.

SHANKER, *Associate Judge*: Appellant Plus Properties Trust appeals from two Superior Court orders denying its motions for relief from judgment under Super. Ct. Civ. R. 60(b) after the trial court entered default judgment for appellee Juliana L. Molinuevo Then.  Plus Properties Trust argues that the default judgment is void and should be vacated because it was entered (1) without sufficient service of process and (2) in violation of due process based on several alleged procedural defects.  We

hold that Plus Properties Trust failed to preserve its ineffective-service-of-process claim and that the default judgment satisfied the requirements of due process. Accordingly, we affirm.

## I.    Background

The following facts appear to be undisputed.  In 2021, Ms. Molinuevo Then bought a condominium unit at a foreclosure auction.  In February 2022, she filed a complaint in Superior Court against Jose Strickland, asserting several causes of action, including a claim to quiet title to the property.   The next month, Ms. Molinuevo Then amended the complaint, naming Plus Properties, LLC as one of the defendants and listing the LLC's address as 9 Carvel Circle, Edgewater, Maryland 21037.  The Clerk of the Superior Court issued a summons and the docket states that it was served at Plus Properties, LLC's address, but that service was directed to Plus Properties Trust, a different corporate entity.  Ms. Molinuevo Then did not file an affidavit of service.

In May 2022, Ms. Molinuevo Then requested that the trial court issue a new summons for Plus Properties Trust.  The court granted the request, but the docket does not indicate that a new summons was issued.

Later that month, Ms. Molinuevo Then amended the complaint a second time, replacing Plus Properties, LLC with Plus Properties Trust as a defendant. Ms. Molinuevo Then asserted eight causes of action, including her original action to quiet title. The docket does not indicate that Plus Properties Trust was served with the second amended complaint.

In July 2022, Kellee Baker, who represented both Mr. Strickland and Plus Properties Trust, moved on their behalf to dismiss four of the eight causes of action (slander of title, negligence, intentional damage to property, and defamation) in the second amended complaint. The motion stated that once the court ruled on the motion to dismiss, the remaining counts "w[ould] be addressed with a responsive pleading." The motion did not allege that service of process was inadequate.

On September 20, 2022, the trial court granted the partial motion to dismiss. Because extant counts remained, Plus Properties Trust was required to file and serve a responsive pleading at the latest by October 4, 2022, but it failed to do so. (We say "at the latest" because a responsive pleading is generally due twenty-one days after service of a complaint, Super. Ct. Civ. R. 12(a)(1), but Rule 12(a)(4) provides that if the trial court denies a motion to dismiss or postpones its disposition until trial, "the responsive pleading must be served within 14 days after notice of the court's action," *id.* R. 12(a)(4)(A). Here, the court neither denied the motion to

dismiss nor postponed its disposition, but the motion sought only partial dismissal. It does not appear that this court has decided whether a partial motion to dismiss tolls the time within which to file or serve a responsive pleading as to the counts not covered by the partial motion. We need not, however, address the issue and instead assume that a responsive pleading here was due no later than October 4, 2022.)

On October 10, 2022, Ms. Baker moved to withdraw as counsel for Plus Properties Trust and Mr. Strickland because she had not received adequate communications from them during the pendency of the case. In her filing, Ms. Baker certified that she had served Plus Properties Trust with a copy of her motion at its last known address, 5814 Black Hawk Drive, Forest Heights, Maryland 20745.

The next day, the court held a hearing and (1) granted Ms. Baker's motion to withdraw; (2) entered default against Plus Properties Trust due to its failure to timely respond to the complaint; and (3) scheduled an ex parte proof hearing for November 2022. The court's rulings were all properly docketed. The court mailed the order of default and notice of the ex parte proof hearing to Plus Properties, LLC's address.

In light of Plus Properties Trust's default, Ms. Molinuevo Then moved for a default judgment against it. *See* Super. Ct. Civ. R. 55(b)(2) (within sixty days of default, "the party must apply to the court for a default judgment either by motion or by praecipe, served on all parties, requesting the setting of an ex parte proof

hearing"). She certified that the motion was served on Plus Properties Trust at its last known address at 5814 Black Hawk Drive—the same address that Ms. Baker used to send Plus Properties Trust a copy of her motion to withdraw.

Two weeks before the ex parte proof hearing was set to take place, Ms. Molinuevo Then moved to continue the hearing. She certified that that motion was served on Plus Properties Trust at 5814 Black Hawk Drive. The trial court continued the hearing to December 2022.

After holding the ex parte proof hearing—which Plus Properties Trust did not attend—the trial court granted Ms. Molinuevo Then's motion for default judgment. The court declared Ms. Molinuevo Then "the lawful owner" of the property, "free of any and all prior encumbrances," and quieted title in her name. The court also granted Ms. Molinuevo Then's request for a preliminary injunction against Plus Properties Trust—ordering that it shall refrain from interfering with Ms. Molinuevo Then's possession of the property and from damaging the property—and closed the case.

In February 2023, new counsel for Plus Properties Trust, Wanda Dixon, entered her appearance. Plus Properties Trust subsequently moved to vacate the default judgment pursuant to Super. Ct. Civ. R. 60(b) ("first Rule 60(b) motion"). It stated that the sale of the property to Ms. Molinuevo Then was subject to a first lien

on the property, which was held by Plus Properties Trust, and argued that because there was "no indication" that Plus Properties Trust received, at its last known address, notice of the entry of default, the date of the ex parte proof hearing, or the entry of the default judgment, the default judgment should be vacated.

In a written order, the trial court denied the motion to vacate because Plus Properties Trust had failed to timely file a responsive pleading. The court noted that Plus Properties Trust had been represented by Ms. Baker when the responsive pleading was due, that it had failed to file a responsive pleading after Ms. Baker withdrew as counsel (of which it had received notice), and that it failed to include a responsive pleading or meritorious defenses in its Rule 60(b) motion to vacate.

In April 2023, Plus Properties Trust moved to alter or amend the judgment ("second Rule 60(b) motion"), ostensibly pursuant to Super. Ct. Civ. R. 59(e), and attached to the motion an answer to the second amended complaint. Plus Properties Trust stated that it had mistakenly failed to attach its answer to its first Rule 60(b) motion to vacate and explained that the answer contained "new information" showing that the foreclosure sale was subject to a first deed of trust, which it held. This "new information" was an excerpt from the Notice of Foreclosure Sale, which had also been attached to Ms. Molinuevo Then's first amended complaint. Plus Properties Trust contended that "wip[ing] out" its interest would therefore be

"inequitable." It also reasserted its claim that the court had not provided it with adequate notice of the proceedings after Ms. Baker withdrew as its counsel. Ms. Molinuevo Then opposed, arguing, in part, that Plus Properties Trust was provided notice and a reasonable opportunity to respond before default judgment was entered against it.

The court denied Plus Properties Trust's motion, which it considered under Rule 60(b) because Plus Properties Trust was "requesting consideration of additional circumstances" and the time to file a Rule 59(e) motion had passed. *See* Super. Ct. Civ. R. 59(e) (requiring that a motion be filed no later than twenty-eight days after entry of the judgment). The court expressed "extreme[ ] concern[ ]" about Plus Properties Trust's representation that it had "mistakenly" failed to include its answer with its first Rule 60(b) motion to vacate because that motion neither referenced any responsive pleading as an exhibit nor included any meritorious defenses that would indicate an inadvertent omission of a responsive pleading. Additionally, the court found that the motion was improper because Plus Properties Trust failed to present "newly discovered evidence" or argue that "a clear error in the application of law" occurred so as to justify reconsideration.

This appeal followed.

## II.     Analysis

Plus Properties Trust claims that the default judgment against it is void because it was entered (1) without personal jurisdiction, given that Plus Properties Trust had not received effective service of process, and (2) in violation of due process because Plus Properties Trust had not received proper notice of the entry of default, the ex parte proof hearing, or the entry of default judgment.  We disagree and affirm.

### A.     Standard of Review

Super. Ct. Civ. R. 60(b) permits the trial court to "'relieve a party . . . from a final judgment' for certain specified reasons." *Reshard v. Stevenson*, 270 A.3d 274, 281 (D.C. 2022) (alteration in original) (quoting Super. Ct. Civ. R. 60(b)).  A court's denial under Rule 60(b) is generally reviewed for an abuse of discretion, except when the relief is sought under Rule 60(b)(4), which authorizes the trial court to vacate a void judgment.  *Id.* at 281, 285; Super. Ct. Civ. R. 60(b)(4).  "[I]n such a case, the question whether relief is to be granted is one of law, and thus our review is de novo." *Reshard*, 270 A.3d at 285 (quoting *Wylie v. Glenncrest*, 143 A.3d 73, 82 n.15 (D.C. 2016)).

### B. Discussion

### 1. Plus Properties Trust Failed to Preserve Its Ineffective-Service-of-Process Claim

Plus Properties Trust claims that the default judgment is void because service of process was ineffective and the court therefore lacked personal jurisdiction over it. We conclude that Plus Properties Trust failed to make this claim in the trial court, and we decline to reach it.

Plus Properties Trust correctly states that a default judgment entered without legally effective service of process is void. *Reshard v. Stevenson*, 270 A.3d 274, 285 (D.C. 2022). In such circumstances, judgment would have been "entered without personal jurisdiction" and "the appellate court must reverse the default judgment." *McLaughlin v. Fid. Sec. Life Ins.*, 667 A.2d 105, 107 (D.C. 1995) (per curiam). The "only exception" is where a challenge to service of process has been insufficiently preserved in the trial court under Super. Ct. Civ. R. 12. *Id.* at 107 n.5. A defendant fails to preserve a defense of insufficient service of process if they fail to raise it in a responsive motion or pleading. Super. Ct. Civ. R. 12(h)(1). The defense can be considered preserved, however, if the defendant never files a responsive motion or answer and raises it for the first time in a Rule 60(b)(4) motion. *McLaughlin*, 667 A.2d at 107 & n.5.

An ineffective-service-of-process defense was not yet available to Plus Properties Trust when it moved to dismiss because the sixty-day time limit for service of the second amended complaint had not elapsed. *See* Super. Ct. Civ. R. 4(m)(1)(A) (requiring service of process and the filing of proof of such service within sixty days from when the complaint was filed). The defense was available, however, when Plus Properties Trust's answer was due. *See supra* page 3-4 (noting that Plus Properties Trust's responsive pleading was due at the latest by October 4, 2022).

Plus Properties Trust argues that it "preserved its opportunity" to raise the affirmative defense because it never filed an answer. Plus Properties Trust *attached* an answer to its second Rule 60(b) motion, but regardless of whether it *filed* an answer, it failed to raise the ineffective-service-of-process claim in either of its Rule 60(b) motions. In its first Rule 60(b) motion, Plus Properties Trust argued that it had not been "given notice of the proceedings leading to an entry of default and subsequent default judgment," but it narrowed its insufficient-notice claim to the proceedings that occurred *after* Ms. Baker withdrew as counsel. Plus Properties Trust's second Rule 60(b) motion was similarly limited and never argued that initial service of process was ineffective.

Thus, Plus Properties Trust's first objection to the sufficiency of initial service was in this court. We conclude that the argument was not properly raised in the trial court and decline to consider it. *See Johnson v. Fairfax Vill. Condo. IV Unit Owners Ass'n*, 641 A.2d 495, 502 n.10 (D.C. 1994) ("Issues not raised first in the trial court generally will not be considered on appeal.").

We take this opportunity to say a word about preservation, reviewability, and terminology in this context. Civil Rule 12(h) states that certain defenses (including the defense of insufficient service of process) are "waived" if a party fails to include the defense in a responsive pleading, Super. Ct. Civ. R. 12(h)(1), and some of our cases have adopted that terminology, *see, e.g.*, *D.C. Metro. Police Dep't v. Fraternal Ord. of Police/Metro. Police Dep't Lab. Comm.*, 997 A.2d 65, 73-74 (D.C. 2010); *McLaughlin*, 667 A.2d at 107 n.5. We have observed, however, that the failure to raise a defense in a timely manner is "better characterized as . . . forfeiture," *Massey v. Massey*, 210 A.3d 148, 151 n.4 (D.C. 2019), while "waiver is the intentional relinquishment or abandonment of a known right," *id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)); *see Kids Holdings, Inc. v. Hinojosa*, 311 A.3d 910, 915 (D.C. 2024). While some litigants might intentionally forgo a Rule 12(h) defense, the rule by its terms seems to sweep into its ambit the mere failure to include, or the omission of, a defense. *See* Super. Ct. Civ. R. 12(h)(1)(A), (B). We are disinclined to read the rule as intentionally grouping inadvertent failures or

omissions with "waivers" in the true sense of that word.[1]  For that reason, we have noted "our more recent practice" of "refer[ring] to such arguments or defenses as having been forfeited."  *Kids Holdings, Inc.*, 311 A.3d at 915.  And in this opinion, lacking any indication that Plus Properties Trust intentionally forwent an insufficient-service-of-process defense, we have avoided the language of waiver and have spoken instead of Plus Properties Trust's failure to preserve the defense.

The question remains whether this is mere semantics or whether the terminology implicates appellate reviewability or the level of appellate review.  In *Massey*, we noted that "the distinction [between waiver and forfeiture] can have practical implications," citing the availability of plain-error review for forfeited arguments versus the practice of courts "wholly declining to address arguments a party has waived."  210 A.3d at 151 n.4 (citing *Olano*, 507 U.S. at 732-34).  *Olano*, however, was a criminal case, and plain error is a concept expressly reflected in the rules of criminal procedure.  *See* Super. Ct. Crim. R. 52(b).  Outside of the jury

---

[1] The analogous criminal rule, Super. Ct. Crim. R. 12, was amended in 2017 to delete language stating that a party "waives" certain defenses, objections, or requests that were not timely raised.  In amending federal criminal Rule 12 in the same manner in 2014, the Federal Advisory Committee acknowledged that "the term waiver in the context of a criminal case ordinarily refers to the intentional relinquishment of a known right" and explained that it "decided not to employ the term 'waiver'" in the revised rule "to avoid possible confusion."  Fed. R. Crim. P. 12 advisory committee's note to 2014 amendment to Rule 12(c); *see Chew v. United States*, 314 A.3d 80, 97 (D.C. 2024) (Easterly, J., concurring).

instructions context (*see* Super. Ct. Civ. R. 51(d)(2)), the civil rules do not contain an analogous provision establishing a level of review between harmless-error review for preserved claims and non-reviewability for unpreserved claims. *See In re Ta.L.*, 149 A.3d 1060, 1073 n.11 (D.C. 2016) (en banc) (noting that the plain-error test applies only in criminal cases).

One might think, then, that failure to preserve in a civil case necessarily forecloses appellate review, and indeed, we have said that waiver of a claim "precludes our review." *D.C. Metro. Police Dep't*, 997 A.2d at 73. But "[t]he principle that 'normally' an argument not raised in the trial court is waived on appeal is . . . one of discretion rather than jurisdiction." *District of Columbia v. Helen Dwight Reid Educ. Found.*, 766 A.2d 28, 33 n.3 (D.C. 2001). And we have "repeatedly affirmed our discretion, in the interests of justice, to consider an argument that is raised for the first time on appeal if the issue is purely one of law, . . . the factual record is complete, and a remand for further factual development would serve no purpose," *In re Ta.L.*, 149 A.3d at 1073 (ellipses in original), and have similarly observed that "we may deviate from the usual rule" "in exceptional situations and when necessary to prevent a clear miscarriage of justice apparent from the record," *Pajic v. Foote Props., LLC*, 72 A.3d 140, 145 (D.C. 2013) (internal quotation marks omitted); *see also Thompson v. United States*, __ A.3d __, Nos. 20-CO-0294 & 22-CO-0312, 2024 WL 4048080, at *4 (D.C. Sept. 5, 2024);

*Johnson*, 641 A.2d at 502 n.10 ("Issues not raised first in the trial court *generally* will not be considered on appeal." (emphasis added)).

The upshot is that (1) even where a rule uses the term "waiver," failure to preserve a claim or defense could be the result of intentional waiver or inadvertent forfeiture; (2) we always have the discretion to consider an unpreserved claim or defense; (3) in civil cases, we will "bypass[ ]" an unpreserved claim or defense "entirely" other than in exceptional situations and when necessary to prevent a clear miscarriage of justice, *Thompson*, 2024 WL 4048080, at *4; and (4) we expect that it will be unlikely that an intentionally relinquished or abandoned claim or defense will give rise to a risk of a clear miscarriage of justice such that we would exercise our discretion to consider it on appeal, *cf. Allen v. United States*, 495 A.2d 1145, 1152 (D.C. 1985) (en banc) (noting, in the criminal context, that "it can hardly be maintained" that an alleged error resulting from a party's tactical choice "effected a miscarriage of justice") (internal quotation marks omitted).

Here, Plus Properties Trust did not preserve a defense of insufficient process, and we see no exceptional circumstances or miscarriage of justice warranting appellate review of Plus Properties Trust's claim.

## 2. Default Judgment Is Not Void

Plus Properties Trust argues that the trial court's failure to provide notice of the entry of default, ex parte proof hearing, and entry of default judgment violates due process and renders the default judgment void. The trial court denied Plus Properties Trust's first Rule 60(b) motion, stating that Plus Properties Trust had failed to timely answer—which made entry of default proper—and additionally noted that the motion did not "contain a responsive pleading and/or meritorious defenses." The trial court also denied Plus Properties Trust's second Rule 60(b) motion, concluding that Plus Properties Trust failed to meet its burden of showing that it was entitled to relief. We affirm.

Under Super. Ct. Civ. R. 60(b)(4), a judgment may be void and subject to vacatur if the "court's action in entering the default judgment was 'so arbitrary as to violate due process.'" *Hudson v. Shapiro*, 917 A.2d 77, 83 (D.C. 2007) (quoting *Jones v. Hersch*, 845 A.2d 541, 545-46 (D.C. 2004)). "Due process requires that notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Jones*, 845 A.2d at 546 n.6 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Accordingly, if a party did not receive notice of an opposing party's motion and was deprived of a reasonable opportunity to

respond, the judgment entered against that party may be void. *See, e.g.*, *Doe v. D.C. Metro. Police Dep't*, 948 A.2d 1210, 1219 (D.C. 2008) (holding that the trial court erred in denying plaintiff's Rule 60(b)(4) motion without at least a hearing when the evidence "called into question" whether plaintiff had ever received the defendant's motion for summary judgment).

To be sure, the failure to serve Plus Properties Trust with notice of the entry of default and default judgment "deprived [Plus Properties Trust] of a right granted by a procedural rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010); *see* Super. Ct. Civ. R. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear.").[2] Additionally, this court has opined that the failure to provide notice of an ex parte proof hearing may violate due process. *See Hudson*, 917 A.2d at 83, 85 (remanding for additional findings

---

[2] The failure to receive such notice is not generally a basis for relief under Rule 60(b) unless such failure renders the judgment void. *Cf. Doe*, 948 A.2d at 1218 ("Generally, a party may not rely upon a failure to receive notice of the entry of final judgment as a basis for relief from that judgment under Super. Ct. Civ. R. 60(b)."). Whether a party received notice is more commonly a consideration in evaluating the timeliness of a Rule 60(b) motion. *See, e.g.*, *id.* at 1219 (the trial court "should not have regarded [the] Rule 60(b) motion as unreasonably delayed" when the appellant never received timely notice of the court's summary judgment ruling).

concerning whether due process was violated in part because it was unclear whether there was actual notice of the ex parte damages hearing).

But not all failures to follow the letter of procedural rules "amount to a violation of [a] constitutional right to due process." *Espinosa*, 559 U.S. at 272 (failure to serve student loan creditor with summons and complaint violated procedural rule but did not violate due process because the creditor had actual notice of relevant filing and contents of debtor's Chapter 13 plan); *cf. 1417 Belmont Cmty. Dev., LLC v. District of Columbia*, 302 A.3d 512, 518-19 (D.C. 2023) (despite the District's failure to comply with statutory provisions governing notice, mailing the notice of violation and notice to abate by first-class regular mail and posting the notice on the building satisfied due process requirements). Here, we conclude that Plus Properties Trust had sufficient notice of the relevant filings and proceedings and was afforded an adequate opportunity to respond.

First, Plus Properties Trust was not deprived of a meaningful opportunity to contest the entry of default or the possibility of default judgment because it was served with Ms. Molinuevo Then's Rule 55(b)(2) motion.

Generally, after a court enters default, the party seeking default judgment "must apply to the court for a default judgment either by motion or by praecipe, serve[ ] [it] on all parties, [and] request[ ] the setting of an ex parte proof hearing."

Super. Ct. Civ. R. 55(b)(2). Additionally, if the defaulting party, or their representative, has appeared in the proceedings, they "must be served with written notice of the motion at least 7 days before the hearing." Super. Ct. Civ. R. 55(b)(2)(A). Here, Plus Properties Trust was entitled to notice because "[t]he filing of a motion to dismiss is normally considered to constitute an appearance." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989); *cf. Law Offs. of Arman Dabiri & Assocs. P.L.L.C. v. Agric. Bank of Sudan*, No. CV-17-2497, 2023 WL 7921965, at *2 (D.D.C. Nov. 16, 2023) (ordering notice of entry of default to defendant who "initially appeared and filed two motions to dismiss" but had failed to "otherwise defend").

"Service by [regular] mail is reasonably calculated to give notice in most circumstances." *1417 Belmont Cmty. Dev., LLC*, 302 A.3d at 519 (alteration in original) (quoting *Coleman v. Scheve*, 367 A.2d 135, 137 n.1 (D.C. 1976)). Additionally, "a Certificate of Service is generally deemed sufficient assurance that notice has been received, for courts apply what is known as the 'common law mailbox rule.'" *Kidd Int'l Home Care, Inc. v. Prince*, 917 A.2d 1083, 1087 (D.C. 2007) (quoting *Huizar v. Carey*, 273 F.3d 1220, 1223 n.3 (9th Cir. 2001)) (analyzing due process rights in the context of administrative proceedings). "This rule creates a rebuttable presumption that a letter properly addressed, stamped, and mailed, and not returned to the sender, has been delivered to the addressee." *Id.*

After the entry of default, Ms. Molinuevo Then moved, in compliance with Super. Ct. Civ. R. 55(b)(2), for default judgment and appended a certificate of service. The certificate of service stated that the motion had been served on Plus Properties Trust via first-class mail at the 5814 Black Hawk Drive address and was signed and dated on the filing date. Delivering service at Plus Properties Trust's last known address was proper under Super. Ct. Civ. R. 5(b)(2)(C) (stating that service is made by "mailing it to the person's last known address—in which event service is complete upon mailing").

Plus Properties Trust does not argue that the notice was misdelivered or point to any facts that would rebut the presumption that notice had been received. This case is therefore unlike cases where the certificate of service could not be relied on to conclude that due process requirements were satisfied. *Cf., e.g.*, *Wood v. Dep't of Consumer & Regul. Affs.*, 293 A.3d 163, 168 (D.C. 2023) (certificate of service was insufficient to establish that homeowner had been properly served given "undisputed evidence that the certificate was inaccurate in one critical respect—the order was not sent to the email address indicated on the certificate"); *Kidd Int'l Home Care, Inc.*, 917 A.2d at 1086-87 (certificate of service was insufficient to establish adequate notice of hearing where the address did not include the employer's suite number and the employer argued that the filing was never actually received).

Thus, without any evidence indicating that the certificate of service was faulty or other evidence calling into question "if or where the notice was actually mailed," *Wood*, 293 A.3d at 168, we presume that Plus Properties Trust was adequately informed of the entry of default and the possibility of a default judgment and had a sufficient opportunity to object—which it failed to do, *cf. Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (concluding that defendant "was afforded notice and the opportunity to respond" where "[h]e received [adequate] notice of the motion for his default" and knew a hearing would be held but failed to respond).

Second, in a similar vein, although the court's written notice of the ex parte proof hearing had been sent to the incorrect address, Plus Properties Trust still had sufficient notice of the hearing. We recognize that Ms. Molinuevo Then's Rule 55(b)(2) motion did not request an ex parte proof hearing, presumably because one had already been scheduled by the court. Two weeks prior to the hearing, however, Ms. Molinuevo Then moved for a continuance and appended to her motion a signed and dated certificate of service, certifying that she had served Plus Properties Trust with her motion via first-class mail to the 5814 Black Hawk Drive address.

As above, there is no indication that the certificate of service was faulty. Nor is there other evidence to suggest that service was insufficient. And even if Plus

Properties Trust "denie[d] having received a copy of the [motion][,] [it] did not introduce evidence to support that denial, [and] in any event, adequate notice, rather than actual notice, is required by the Due Process Clause." *1417 Belmont Cmty. Dev., LLC*, 302 A.3d at 519 (alteration and internal quotation marks omitted). We therefore conclude that Plus Properties Trust had notice that a hearing was forthcoming, putting the onus on it to respond or object to the ex parte hearing or motion for default judgment.

Plus Properties Trust relies on *Hudson* in support of its argument that its due process rights were violated, but we do not see *Hudson* as analogous to this case. In *Hudson*, the appellant argued—like Plus Properties Trust does here—that the default judgment against her was void because of several procedural defects, including the failure to provide notice of the entry of default and default judgment. *Hudson*, 917 A.2d at 80. Of the many errors alleged, the court identified two that potentially violated due process: the failure to provide (1) written notice of plaintiff's application for default judgment, as required by Super. Ct. Civ. R. 55, and (2) actual notice of the ex parte damages hearing. *Id.* at 83. We additionally noted the "strange posture" of the case "because no entry of default appear[ed] on the docket sheet, and no default application appear[ed] in the record, but a judgment order ha[d] been entered and [wa]s part of the record." *Id.* at 81. Under those circumstances, we were

unable to ascertain whether Ms. Hudson had been apprised of the proceedings, and we remanded for the court to make additional findings. *See id.* at 80-84.

Unlike in *Hudson*, here, the court's entries and the motions concerning default, the ex parte proof hearing, and default judgment were all properly docketed and part of the record. More significantly, as discussed above, the two potentially consequential errors that *Hudson* identified—the failure to receive notice of (1) a motion for default judgment under Rule 55(b)(2), and (2) the ex parte proof hearing—are not issues of concern in this case.

As a final matter, Plus Properties Trust briefly contends that its second Rule 60(b) motion should have been granted because it presented "new information . . . that an inequitable taking of property ha[d] taken place." Specifically, it points to an excerpt from the Notice of Foreclosure Sale, which indicates that the property Ms. Molinuevo Then purchased was sold "subject to the first deed of trust," which it held.

We see no reason to disturb the court's denial under Rule 60(b)(2), as we are unconvinced that Plus Properties Trust offered "newly discovered evidence." In the proceedings before the trial court, Plus Properties Trust did not explain why the Notice of Foreclosure Sale document was not "readily available" to it before, especially when the same document was not even newly disclosed to the trial court

and had been attached to Ms. Molinuevo Then's first amended complaint. *See Clay v. Deering*, 618 A.2d 92, 95-96 (D.C. 1992) (per curiam) (affirming trial court's denial of appellants' request to vacate default judgment on the basis of newly discovered evidence where the record indicated the "appellants' claim that they could not obtain certain discovery documents was without just cause or explanation").

We are also not persuaded that the court's denial of relief under Rule 60(b)(6)—which permits vacatur for "any other reason that justifies relief"—was an abuse of discretion when Plus Properties Trust offers only a bare assertion that "an inequitable taking of property has taken place." We agree with the trial court that Plus Properties Trust failed to meet its burden to justify relief. *See Puckrein v. Jenkins*, 884 A.2d 46, 60 (D.C. 2005) ("The standard under Rule 60(b)(6) is a stringent one, requiring a showing of unusual or exceptional circumstances.").

Accordingly, after considering all the circumstances, we are unconvinced that default judgment was entered in violation of Plus Properties Trust's due process rights.

## III. Conclusion

For the foregoing reasons, we affirm the trial court's orders denying Plus Properties Trust's Rule 60(b) motions.

*So ordered.*